Susan **KLOSE**, Plaintiff and Appellee,

v.

Richard **KLOSE**, Defendant and Appellant.

Civ. No. 940112.

Supreme Court of North Dakota.

Nov. 16, 1994.

Randall L. Hoffman (argued), of Paulson and Merrick, Jamestown, for plaintiff and appellee.

James A. Reisnour (argued), of Mackenzie, Jungroth, Mackenzie & Reisnour, Jamestown, for defendant and appellant.

NEUMANN, Justice.

Richard Klose appeals from an amended judgment denying his motion for a change of custody. We affirm.

During their marriage, Richard and Susan Klose lived with their two children, Nolan and Ashley, on a farm south of Jamestown. In October 1989 Susan moved with the children to Jamestown. Richard remained on the farmstead, where he earns his living as a farmer/rancher.

Richard and Susan were divorced in December 1992, in uncontested proceedings based upon a stipulated agreement. Under the original decree the parties retained joint legal custody of the children, but Susan received primary physical custody with liberal visitation privileges for Richard. The decree contained a provision dealing with the future possibility of Susan wanting to move with the children from Jamestown:

"At a time 45 days prior to [Susan's] intent to have the children reside outside of Stutsman County, North Dakota on a permanent basis, [Susan] shall advise [Richard] of her intention so that [Richard] may seek a judicial determination to decide whether the children should be allowed to reside outside of Stutsman County, North Dakota."

On November 15, 1993, Susan advised Richard that she intended to move with the children to Bismarck, which is located in Burleigh County approximately 100 miles from Jamestown. Susan accepted a job with the Workers Compensation Bureau to begin in January 1994, and she completed her move to Bismarck on December 18, 1993. Nolan remained in Jamestown to reside with his father for the remainder of the 1993 school year. On December 13, 1993, Richard filed a motion asking the court to amend the divorce judgment "relative to child support, income tax dependents, primary physical custody and visitation." The trial court concluded Richard did not show there had been a significant change of circumstances since the original decree and denied Richard's request for a change of custody. Richard appealed, raising as an issue only the denial of a custody change.

In *Gould v. Miller*, 488 N.W.2d 42, 43 (N.D.1992), we summarized the procedure a trial court must use in deciding a request for a change of custody:

"For an original placement of the custody of a child, when parents divorce, the trial court needs to determine only the best interests and welfare of the child.... For a motion to modify an original custodial placement, the trial court needs to make a two-step analysis. First, the court must determine whether there has been any significant change in circumstance since the original placement.... If the court finds a significant change in circumstance, it must then consider whether the change compels a custodial change for the best interests of the child.... The parent seeking to modify custody has the burden of showing both that a circumstance changed significantly and that this change

so adversely affected the child that custody should be changed." (Citations omitted.) The trial court's decision on a request to change custody is a finding of fact which will not be set aside on appeal unless it is clearly erroneous under Rule 52(a), N.D.R.Civ.P. *Mertz v. Mertz*, 439 N.W.2d 94 (N.D.1989). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Barstad v. Barstad*, 499 N.W.2d 584 (N.D.1993).

■ Richard asserts that the provision in the original decree requiring Susan to notify him of an intended move outside Stutsman County should be construed as "waiving" the need for Richard to establish a significant change in circumstances for a change of custody. Richard did not argue this issue to the trial court. Furthermore, Richard's motion to amend the judgment expressly alleged that there was a significant change of circumstances requiring a change of custody. The change of circumstances question was litigated throughout the proceedings, without objection by Richard. Issues not raised before the trial court cannot be raised for the first time on appeal. *DeVore v. DeVore*, 393 N.W.2d 739 (N.D.1986). The purpose of this rule is to prevent a party from inviting error upon the trial court and then seeking to prevail upon appellate review of the invited error. *Carlson v. Farmers Ins.*, 492 N.W.2d 579 (N.D.1992). Richard has waived this issue, and we will not further address it in this appeal.

■ Richard asserts the trial court erred in refusing to consider Nolan's preference to reside with Richard in determining whether there had been a significant change of circumstances. During the original proceedings, Nolan did not state a preference regarding his custody. At the proceedings on Richard's motion for a change of custody Nolan, age 14, and Ashley, age 8, discussed the custody issue with the court in chambers. The alleged error is predicated on the following statement made by the trial court in its memorandum opinion:

"The first step of the analysis is whether or not Susan and the children's move of 100 miles from Jamestown to Bismarck is a significant change of circumstances.... Part of the best interests issue is the preference of the children. Both children expressed preference to live with Richard. These preferences can also not be considered until, and if, the Court gets past the first issue."

Richard argues a child's custody preference is a factor the court can consider in deciding whether there has been a significant change of circumstances. We agree, but we conclude the trial court's mistake under the circumstances presented here did not constitute reversible error.

■ A child's custody preference is only one factor to consider in a custody decision, and usually it is not determinative. *Barstad, supra*, 499 N.W.2d at 588. Although the preference of the child is not as important in determining whether there has been a significant change of circumstances as it is in determining the best interests of the child, nevertheless, it is a factor which can be considered by the trial court on both issues. *See Mertz, supra*, 439 N.W.2d at 96.

After talking with the children in chambers, the court made the following statements from the bench:

"Both children indicated that they did not want to move from Jamestown. They both cited the fact that their friends and relatives are here.

"Nolan indicated there was perhaps more to do in Bismarck at this point, but Jamestown had a lot of things that he was interested in.

\*     \*     \*     \*     \*     \*

"I come up with the conclusion from both that they, like most children and actually like most people, are reluctant to go through a change and certainly moving from one city to another, moving from one school to another for children, those are stressors and I think that's obvious."

In its memorandum opinion the court concluded:

"The adjustment the children must make to a new city is a change of circumstance. However, the Court does not find that it is significant. Children are generally resilient and adapt well to change. This can be attributed to their youth and the fact they have not become set in their ways as many adults have. Children move with their parent or parents everyday in this country. They may originally be defensive; but, after they adjust to a new school, make new friends, and other social contacts they usually enjoy their new environment."

The trial court mistakenly thought it could not consider Nolan's custody preference in deciding whether there had been a significant change of circumstances. However, the court viewed the children's preferences to stay in Jamestown with their father, rather than move to a new and unfamiliar place, as a typical response to change, and not very helpful to the ultimate question of who should have custody. The court's statements clearly reveal the court would not have found a significant change of circumstances even if it had considered the children's preferences in deciding that issue.

Richard argues the trial court's finding that Nolan and Ashley's reluctance to move does not constitute a significant change of circumstances is clearly erroneous. The court found the children's feelings were a normal part of the adjustment in moving from familiar surroundings to a new place. The court's findings are consistent with our statement in *Barstad, supra,* 499 N.W.2d at 588–589, that a child's preference to remain in a community where his friends and familiar surroundings are located is predictable but generally should not override the important need for the child to maintain a stable relationship with the custodial parent. Richard also argues the trial court's finding that the inconvenience to Richard in exercising visitation in Bismarck does not constitute a significant change of circumstances is clearly erroneous. The court found that the change in location would require adjustments by Richard, but that the current visitation provisions could continue to work effectively. Traveling 100 miles for visitation, rather than five miles, may require some additional plan-

ning, travel time, and expense, but it does not present overwhelming or unmanageable obstacles. The trial court gave serious consideration to these matters in ultimately concluding Richard failed to demonstrate a significant change of circumstances since the divorce. We are not left with a definite and firm conviction that the trial court made a mistake, and we conclude the trial court's findings on this issue are not clearly erroneous.

Judgment affirmed.

LEVINE and MESCHKE, JJ., concur.

VANDE WALLE, C.J., and SANDSTROM, J., concur in the result.