2010 ND 18

**Erik R. ISAACSON, Plaintiff
and Appellant**

v.

**Traci L. ISAACSON, Defendant
and Appellee.**

No. 20090114.

Supreme Court of North Dakota.

Jan. 26, 2010.

Christina Anne Sambor (argued), Damian John Huettl (appeared) and Gregory C. Larson (on brief), Larson, Latham and Huettl, PLLP, Bismarck, ND, for plaintiff and appellant.

Sherry Mills Moore, Bismarck, ND, for defendant and appellee.

CROTHERS, Justice.

[¶ 1] Erik Isaacson has attempted to appeal from the district court's Memorandum Opinion, Findings of Fact, Conclusions of Law, and Order for Judgment establishing visitation, child support, division of marital property and spousal support. Generally, orders and memorandum opinions are not appealable. *Zueger v. Carlson*, 542 N.W.2d 92, 94 n. 2 (N.D. 1996). However, "because there is a subsequently entered consistent judgment, we consider the appeal to be from the subsequently entered consistent final judgment." *Christian v. Christian*, 2007 ND 196, ¶ 5, 742 N.W.2d 819. Erik Isaacson's appeal is properly before this Court. We affirm, concluding that Erik Isaacson's failure to preserve an adequate record for appeal prevents us from considering his due process claims and that the district court did not err in basing its valuation of Traci Isaacson's trust on uncontested evidence.

I

[¶ 2] Erik Isaacson and Traci Isaacson were married in 1993 and have three minor children together. Erik Isaacson filed for divorce in August 2007, seeking sole physical custody of the children, child support and attorney's fees. Traci Isaacson answered, and the district court ordered the parties to file a joint information statement under Rule of Court 8.3. The dis-

trict court scheduled trial for July 10 and 11, 2008. Before trial, the parties stipulated to a continuance and to the appointment of a custody investigator. Trial was rescheduled for December 10 and 11, 2008.

[¶ 3] A property and debt listing was filed with the district court on November 26, 2008. Included in the listing under the category of personal property in Traci Isaacson's possession were breast implants. Erik Isaacson valued the implants at $5,500 while Traci Isaacson assigned them no value. A trust in Traci Isaacson's name was also included in the property and debt listing under the category of financial assets. Erik Isaacson valued the trust at $90,000, while Traci Isaacson assigned it no value.

[¶ 4] At the beginning of the divorce hearing, the district court struck the breast implants from the property and debt listing, stating,

"[Breast implants are] the most ridiculous thing I've ever seen listed on a property and debt listing, next to the cat litter and cat box I had in my very first divorce, is going to be stricken. It's just insulting that people would waste time putting that on a property and debt listing. Likewise item 96, the Lasix eye surgery is going to be stricken.... I can't imagine people would actually waste time thinking that breast implants are marital assets and Lasix surgery was a marital asset. It just defies common sense. I don't know how you would expect me to award breast implants. Do you want me to have them cut out and given to Mr. Isaacson, have the Lasix surgery given to Mr. Isaacson? It's absolutely nonsense. Do not waste the Court's time with stuff like this."

[¶ 5] The district court also addressed time management at the beginning of trial, stating,

"All right. Now in terms of the trial of this case, the court takes a ten minute recess every hour on the hour, so you can plan on that. That will be two ten minute recesses today, three this afternoon, two tomorrow, three tomorrow afternoon. The court keeps track of the time and divides the time in half. Each of you will be given half the time to present your case. The case will finish on time so you better gauge your witnesses accordingly. All right."

[¶ 6] Erik Isaacson used most of the trial's first day to present his case. Erik Isaacson testified to the value of Traci Isaacson's trust, and the court ordered Traci Isaacson to bring information regarding the trust with her to the second day of trial. At the close of the first day of trial, Traci Isaacson informed the court that both parties agreed to provide written summations of the case, if permissible. The court agreed to the post-trial briefing and informed the parties of their remaining time.

"[Erik Isaacson], you have 111 minutes left, and [Traci Isaacson], you have 237 minutes left. So gauge yourself accordingly because this trial is going to be finished by 5 o'clock tomorrow. I've reserved about 15 minutes for me to ask some questions at the end of the day, so plan accordingly."

[¶ 7] On the second day of trial, Erik Isaacson extensively cross-examined Traci Isaacson. During his cross-examination, the court reminded Erik Isaacson that he had five minutes of time remaining and that Traci Isaacson still had witnesses to call to the stand. Erik Isaacson reserved the remainder of his time and waived his cross-examination of Traci Isaacson's last three witnesses, choosing instead to call his sister as a witness and to take the stand himself.

[¶ 8] Both parties submitted post-trial briefs. The district court considered the parties' arguments and circulated a draft of its order for the parties' review. The parties' feedback was incorporated into the court's final order, and Traci Isaacson was granted sole physical custody with Erik Isaacson receiving liberal visitation. The district court equally divided the marital estate after determining that Traci Isaacson's trust had no value. Erik Isaacson timely filed this appeal.

## II

[¶ 9] Erik Isaacson argues the district court improperly denied his due process right to a full and fair hearing by limiting the amount of time he was given for cross-examination. Trial courts exercise great latitude and discretion in conducting a trial and in controlling the presentation of evidence. *Selzler v. Selzler*, 2001 ND 138, ¶ 10, 631 N.W.2d 564. But Erik Isaacson does not argue the district court abused its discretion by limiting his cross-examination. Erik Isaacson only argues his due process rights were violated. The constitutional nature of his claim invokes a de novo standard of review. *Rowley v. Cleaver*, 1999 ND 158, ¶ 8, 598 N.W.2d 125.

## A

[¶ 10] Erik Isaacson argues his due process rights were violated when the district court restricted his cross-examination of several key witnesses. "Procedural due process requires fundamental fairness, which, at a minimum, necessitates notice and a meaningful opportunity for a hearing appropriate to the nature of the case." *St. Claire v. St. Claire*, 2004 ND 39, ¶ 6, 675 N.W.2d 175 (quoting *Walbert v. Walbert*, 1997 ND 164, ¶ 9, 567 N.W.2d 829). The variant nature of due process "negates the concept of inflexible procedures universally applicable to every imaginable situation; instead, the requirements imposed by [due process] are flexible and variable and dependent upon the particular situation being examined." *Jensen v. Satran*, 332 N.W.2d 222, 227 (N.D.1983). Here, however, Erik Isaacson's assignment of a vague constitutional error to the district court's trial methods prevents us from reaching the substance of his procedural due process claim.

[¶ 11] A November 2007 scheduling order notified Erik Isaacson and Traci Isaacson their trial would encompass two days. At the outset of the December 2008 trial, the court reminded the parties of the applicable time restrictions, a courtesy that was repeated at the conclusion of the first day. As the second day of trial came to a close, the court interrupted Erik Isaacson's cross-examination of Traci Isaacson and informed him his time was running short. Erik Isaacson made no objection and reserved his remaining time, but he did not request additional time for trial or make an offer of proof concerning what further testimony he planned on eliciting on cross-examination. Similarly, no objection or offer of proof was made when Erik Isaacson waived his right to cross-examine three of Traci Isaacson's last witnesses. We cannot review the alleged prejudicial effect of Erik Isaacson's time restrictions without objections and without evidence in the record or a sufficient offer of proof. *Thompson v. Olson*, 2006 ND 54, ¶ 7, 711 N.W.2d 226.

[¶ 12] Erik Isaacson's brief and oral argument focus on what could have been proven at trial, claiming that the testimony of Traci Isaacson and her final three witnesses was particularly relevant to the district court's decision and that he would have rebutted their allegations of domestic violence and swayed the court to rule in his favor if he had been allowed a full

cross-examination. Erik Isaacson neither lodged objections nor made offers of proof indicating what he intended to prove. Absent timely objections and offers of proof, we are left to speculate whether Erik Isaacson was prejudiced by the procedures about which he complains. *Lockwood v. Baird*, 59 N.D. 713, 719, 231 N.W. 851, 853 (1930) ("The judicial power vested in the courts extends only to the determination of actual controversies properly before the courts, and does not authorize a court to act in an advisory capacity and to give its opinion on mooted questions or abstract propositions."). Given the facts of this case, Erik Isaacson's due process challenge is not ripe for consideration, and we decline to pass judgment on his abstract proposition.

B

▮▮▮▮ [¶ 13] Erik Isaacson argues his due process rights were violated when the district court denied him the opportunity to present closing arguments. "[L]itigants in civil nonjury cases … have a right to have their attorneys make a final argument." *Fuhrman v. Fuhrman*, 254 N.W.2d 97, 101 (N.D.1977). The right to closing arguments can be waived by the parties and narrowed by the courts, but it cannot be unilaterally denied. *Id.* The protections afforded closing arguments flow from the important functions they serve. Closing arguments can correct premature misjudgments by the court and bring opposing viewpoints to the court's attention, leading courts to fewer erroneous decisions. *Id.* at 102.

[¶ 14] Traci Isaacson's attorney addressed the court at the conclusion of the first day and stated, "Your Honor, [Erik Isaacson's counsel] and I discussed before the trial that we would both like to be able to submit written summations. Is there any problem with the Court in us doing

that?" The court agreed to receiving written arguments, and Erik Isaacson did not object. Erik Isaacson also argues the post-trial briefs were inadequate substitutes for closing arguments because the district court indicated it would begin drafting its opinion before the briefs were filed. However, Erik Isaacson again made no objection when the briefing process and opinion drafting schedule was explained by the court.

[¶ 15] "Issues not raised before the trial court cannot be raised for the first time on appeal." *Klose v. Klose*, 524 N.W.2d 94, 96 (N.D.1994).

> "[I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable."

5 Am. Jur. 2d *Appellate Review* § 690 (1999) (footnotes omitted). We are precluded from reviewing these issues on appeal because Erik Isaacson neither objected at trial nor made a record for our review.

III

▮▮▮▮ [¶ 16] Erik Isaacson argues the district court's distribution of the marital estate was erroneous. In divorce proceedings, the district court's valuation of the marital estate is a finding of fact that will not be reversed unless it is clearly erroneous. *Dronen v. Dronen*, 2009 ND 70, ¶ 34, 764 N.W.2d 675. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, although there is some evidence to support it, on the entire evidence we are left with a definite

and firm conviction a mistake has been made." *Shields v. Shields,* 2003 ND 16, ¶ 6, 656 N.W.2d 712.

## A

[¶ 17] Erik Isaacson argues the district court improperly excluded the value of breast implants from the marital estate because doing so allowed Traci Isaacson to spend marital assets on property she would keep after the divorce. Parties in a divorce action are required to jointly file a Rule 8.3 property and debt listing before trial. N.D.R.Ct. 8.3(c)(4). The purpose of the Rule 8.3 property and debt listing is to "assist the trial court in its division of marital property by having the parties provide the court with a list of mutually agreed-to values or, if no agreement is reached, separately stated values." *Heggen v. Heggen,* 452 N.W.2d 96, 98 (N.D.1990). While parties are required to provide Rule 8.3 property and debt listings, the district court is not bound by the values submitted by the parties. *Gustafson v. Gustafson,* 2008 ND 233, ¶ 11, 758 N.W.2d 895. Here, the parties' Rule 8.3 property and debt listing indicated to the district court that Erik Isaacson considered Traci Isaacson's breast implants to be personal property worth $5,500.

[¶ 18] Citing cases from Hawaii, Delaware and Kentucky, Erik Isaacson invites us to hold that breast implants are a marital asset, the value of which are subject to distribution in the division of the marital estate. We decline Erik Isaacson's invitation because the cases he cited are neither controlling nor persuasive.

[¶ 19] *Okada v. Okada* is a summary disposition where the Hawaii intermediate court of appeals affirmed in part, vacated in part and remanded in part, a divorce decree of the Hawaii family court. No. 27216, 2006 WL 1756671 (Haw.Ct.App. June 27, 2006). One issue remanded in *Okada* was whether the wife's post-separation and pre-trial cosmetic surgery was a reasonably necessary marital expense. *Id.* at *3. The timing of the surgery in *Okada* made the issue about dissipation of marital assets rather than whether the surgery had subsequent value in the marital estate. The Kentucky case is an appeal from the property disposition of a divorce decree. *Morgan v. Morgan,* No.2006–CA–000426–MR, 2007 WL 2812600 (Ky.Ct.App. Sept.28, 2007). At issue was a $3,000 cosmetic surgery debt incurred by the husband after the parties had separated. *Id.* at **4–5. Under a dissipation of assets theory, the Kentucky court of appeals classified the obligation as non-marital debt. *Id.* at *5. *K.S.B. v. F.J.B.* is a Delaware family court ancillary hearing focused, in relevant part, on a challenged property division in a divorce decree. No. CK06–02931, 2008 WL 1947871 (Del.Fam.Ct. March 4, 2008). Without discussion, the Delaware family court included as marital debt the wife's "$167.00 [bill] for three procedures completed by Panzer Dermatology & Cosmetic Surgery during the marriage." *Id.* at *3. While the pre-separation timing of this cosmetic surgery is analogous to the case at bar, it is not clear what services or products the wife in *K.S.B.* received for her $167. More importantly, *K.S.B.* deals with the inclusion of a marital debt in the marital estate, while Erik Isaacson is seeking to include Traci Isaacson's cosmetic surgery as a marital asset.

[¶ 20] At the beginning of the divorce hearing, the district court reviewed the Rule 8.3 property and debt listing submitted by the parties. Without objection or comment from either party, the court removed breast implants from the list and admonished Erik Isaacson for wasting the court's time. There was no subsequent discussion or argument whether the breast

implants are marital assets or, if they were found to be assets, what their value should be. Erik Isaacson did not argue that the expenditure of funds to obtain the breast implants was a dissipation of marital assets, nor did he present the district court with any reason why breast implants should be considered a marital asset. Absent a timely objection, absent these arguments, and because the cases cited on appeal are unrelated to this case, the district did not err by excluding breast implants as a marital asset.

## B

 [¶ 21] Erik Isaacson argues the district court erred by not requiring Traci Isaacson to produce additional information related to the value of her trust. During the second day of trial, Traci Isaacson testified how the funds of her trust were used and corroborated her testimony with bank statements and expense reports. Erik Isaacson did not object to the evidence offered by Traci Isaacson. Nor did he claim surprise or request the opportunity for additional time for discovery and supplementation of the record. *Burns v. Burns*, 2007 ND 134, ¶ 7, 737 N.W.2d 243. Therefore, Erik Isaacson is precluded from raising the issue for the first instance on appeal. *Klose*, 524 N.W.2d at 96.

## IV

[¶ 22] We conclude Erik Isaacson's due process challenge to the district court's time restrictions presents an abstract question of constitutional law which we will not review on appeal. Similarly, Erik Isaacson's due process challenge to the waiver of closing arguments and his challenge to the sufficiency of evidence related to the valuation of Traci Isaacson's trust were issues Erik Isaacson did not raise at the trial level, and we will not review issues for the first instance on appeal.

The district court's exclusion of breast implants from the marital estate was not clearly erroneous because no evidence was presented and no argument was advanced warranting the inclusion of breast implants as marital assets. The order of the district court granting custody of the parties' minor children to Traci Isaacson and dividing the marital property is affirmed.

[¶ 23] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.