Filed 3/22/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 53

Betty Lou Lund, Plaintiff and Appellee

v.

Orvell G. Lund, Defendant and Appellant

No. 20100147

Appeal from the District Court of Bottineau County, Northeast Judicial District, the Honorable Michael G. Sturdevant, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Michael S. McIntee, 116 West 5th, Bottineau, N.D. 58318, for plaintiff and appellee.

Theresa Luan Cole, 521 East Main Avenue, Suite 400, Bismarck, N.D. 58501, for defendant and appellant.

Lund v. Lund

No. 20100147

VandeWalle, Chief Justice.

[¶1] Orvell Lund appealed from an order denying his motion for a continuance, an order denying his motion to disqualify the district court judge, and a memorandum opinion and order for judgment granting a divorce to Betty Lund and distributing marital property.
(footnote: 0)  We affirm, concluding: (1) the district court did not abuse its discretion when it denied the motion for a continuance; (2) the district court did not err in denying the motion to disqualify the judge; and (3) the property distribution was not clearly erroneous.

I

[¶2] Orvell and Betty Lund were married in 1956.  Betty commenced this divorce action in November 2009.  Orvell responded on November 30, 2009, by sending a letter to the district court stating, “[a]t this time, I do not intend to secure the services of an attorney providing the settlement of assets is fair and equitable.”  On January 11, 2010, the district court issued a notice of trial scheduling the trial for April 26, 2010.

[¶3] On March 19, 2010, Orvell filed a motion for a continuance, alleging he had recently hired attorney Theresa Cole and she had another trial scheduled on April 26, 2010.  The district court denied the motion on March 22, 2010, noting that it had been ten weeks since the court had issued the notice of trial and Orvell had “unreasonably delayed the search for counsel.”  On April 7, 2010, Orvell filed a second motion for continuance and a motion to disqualify the assigned district court judge, alleging the judge was biased.  The district court denied the motions on April 14, 2010.  Cole then moved for permission to withdraw as Orvell’s attorney, and the court granted the motion to withdraw on April 19, 2010.

[¶4] Orvell represented himself at the April 26, 2010, trial.  The district court granted the divorce and divided the marital property.  In doing so, the court determined that a deed purportedly transferring Orvell and Betty’s real estate to Orvell and Wendell Lund, the parties’ son, was not a legitimate transfer and had been an attempt to deprive Betty of her property and homestead rights.  The court also determined that a mechanic’s lien filed against the parties’ real estate and motor home by Wendell less than a week before the scheduled trial was not legitimate.  The court therefore included the full value of the real estate and motor home in the distribution of the marital property, and awarded each party approximately one-half of the marital estate.  Orvell appealed and filed a motion in the district court for a stay of the judgment pending appeal.  The district court denied the motion.

II

[¶5] Orvell has attempted to appeal from the order denying his first motion for a continuance, the order denying his motion to disqualify the judge, and the memorandum opinion and order for judgment.  Interlocutory orders and memorandum opinions are generally not appealable, but nonappealable interlocutory orders are reviewable in an appeal from a final judgment.  
Woodward v. Woodward
, 2010 ND 143, ¶ 7, 785 N.W.2d 902; 
Martinson v. Martinson
, 2010 ND 110, ¶ 19, 783 N.W.2d 633; 
Isaacson v. Isaacson
, 2010 ND 18, ¶ 1, 777 N.W.2d 886.  An attempted appeal from an order for judgment will be treated as an appeal from a subsequently entered consistent judgment, if one exists.  
Isaacson
, at ¶ 1; 
Riemers v. City of Grand Forks
, 2006 ND 224, ¶ 1 n.1, 723 N.W.2d 518.  A consistent judgment granting the divorce and distributing the marital property was entered in this case, and we treat the appeal as an appeal from the judgment.

III

[¶6] Orvell contends the district court abused its discretion when it denied his motion for a continuance.

[¶7] The district court has broad discretion over the progress and conduct of a trial, and the determination whether to grant a continuance lies within the sound discretion of the district court.  
Hartleib v. Simes
, 2009 ND 205, ¶ 15, 776 N.W.2d 217; 
State v. Foster
, 1997 ND 8, ¶ 6, 560 N.W.2d 194; 
Peterson v. Zerr
, 443 N.W.2d 293, 297 n.3 (N.D. 1989).  We will not reverse a district court’s decision to deny a motion for a continuance absent an abuse of discretion.  
In re D.C.S.H.C.
, 2007 ND 102, ¶ 6, 733 N.W.2d 902; 
State v. Frohlich
, 2007 ND 45, ¶ 11, 729 N.W.2d 148; 
Clark v. Clark
, 2006 ND 182, ¶ 7, 721 N.W.2d 6.  A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misinterprets or misapplies the law.  
Community Homes of Bismarck, Inc. v. Main
, 2011 ND 27, ¶ 11; 
D.C.S.H.C.
, at ¶ 6; 
Clark
, at ¶ 7.

[¶8] A motion for a continuance made after a notice of trial has been issued is governed by N.D.R.Civ.P. 40(d):

No continuance on trial dates will be given unless formally approved by the trial judge scheduled to hear the case.  A request to continue a trial must be made within ten days after receipt of notice of trial given by the court.  If unavoidable circumstances should arise, the trial judge may consider waiving the ten-day requirement.

In addition, N.D.R.Ct. 6.1(a) provides:

A party is entitled to a continuance on the ground that his attorney is actually engaged in another trial or hearing, but only for the duration of the particular trial or hearing in which the attorney is then engaged.

[¶9] In the ordinary case, a party will already be represented by an attorney when the notice of trial is issued and will immediately know if the attorney has a previously scheduled trial on the date in question.  When, however, a party waits until after the notice of trial is issued to secure counsel, as in this case, a potential conflict arises between the two rules: Rule 6.1(a) provides that a party is entitled to a continuance if his attorney has a previously scheduled trial on that date, but Rule 40(d) requires that the motion be made within ten days of issuance of the notice of trial.  The rules can, however, be read together and harmonized.  
See
 
In re J.D.F.
, 2010 ND 160, ¶ 11, 787 N.W.2d 738 (when interpreting a court rule, we apply principles of statutory construction to ascertain intent); 
Martin v. Stutsman County Soc. Servs.
, 2005 ND 117, ¶ 13, 698 N.W.2d 278 (rules of statutory construction require interpretation of related provisions together to harmonize and give meaning to each provision if possible).  When continuance of a trial date is sought, N.D.R.Civ.P. 40(d) expressly requires that the motion “must” be made within ten days of receipt of the notice of trial.  Although N.D.R.Ct. 6.1(a) entitles a party to a continuance when his attorney has a conflicting trial date, that motion must satisfy other applicable procedural requirements, including the time deadline set in N.D.R.Civ.P. 40(d).  If the motion is not made within the ten-day time frame, the party may argue that his new attorney’s time conflict is an “unavoidable circumstance” under N.D.R.Civ.P. 40(d) and request that the district court, in its discretion, waive the ten-day requirement and grant a continuance.

[¶10] In this case, Orvell contends that denial of his motion for a continuance severely prejudiced his opportunity to present his case and constituted an abuse of discretion.  In his affidavit in support of his motion, however, Orvell did not explain why he waited until four months after the case was commenced, and more than two months after the notice of trial was issued, to seek the services of an attorney.  The district court, in denying the motion, specifically noted that ten weeks had passed since the notice of trial had issued and that Orvell had “unreasonably delayed the search for counsel.”  We also note that, after the motion for continuance was denied, Orvell still had more than a month before trial to attempt to secure other counsel.  The record does not show that he made any attempt to contact another attorney, but instead he waited until one week before trial and then filed a renewed motion for continuance and sought to disqualify the trial judge on grounds of bias.  This Court has previously indicated that, when presented with similar circumstances, a party who knows several weeks before trial that his attorney has a potential conflict should diligently seek other counsel.  
See
 
Frohlich
, 2007 ND 45, ¶¶ 12-17, 729 N.W.2d 148; 
State v. Waters
, 542 N.W.2d 742, 745 (N.D. 1996).  

[¶11] The district court determined that, despite ample opportunity to secure counsel, Orvell unreasonably delayed obtaining counsel to represent him and that Betty should not be forced “to wait for additional months because of [Orvell’s] lack of diligence.”  Under the circumstances presented in this case, we conclude that the district court did not abuse its discretion in denying Orvell’s motion for a continuance.

IV

[¶12] Orvell contends that the district court erred in denying his motion to disqualify the judge.  Orvell contends that the judge’s previous ruling against Orvell in a related proceeding and the denial of his initial motion for a continuance demonstrated that the judge was biased.

[¶13] Orvell relies upon the court’s issuance of a restraining order against him as evidence of the judge’s bias and prejudice.  While the divorce was pending, Betty lived for a time at the home of the parties’ daughter and son-in-law.  When Orvell allegedly began harassing the son-in-law, including making unfounded complaints to the son-in-law’s employer, the son-in-law petitioned for a restraining order against Orvell.  Orvell did not respond to the petition or appear at the hearing on the petition, and the court issued the restraining order.

[¶14] The mere fact that a judge has previously ruled against a party does not demonstrate bias requiring disqualification.  As we noted in 
Woodward v. Woodward
, 2010 ND 143, ¶ 9, 785 N.W.2d 902:

“‘The law presumes a judge is unbiased and not prejudiced.’” [
Farm Credit Bank v. Brakke
, 512 N.W.2d 718, 720 (N.D. 1974)] (citation omitted).  We have said “[a] ruling adverse to a party in the same or prior proceeding does not render a judge biased so as to require disqualification.”  
Id.
  The test for the appearance of impartiality is one of reasonableness and recusal is not required in response to spurious or vague charges of impartiality.

[¶15] Orvell has raised nothing more than “spurious or vague charges of impartiality.”  
Woodward
, 2010 ND 143, ¶ 9, 785 N.W.2d 902.  We conclude the district court did not err in denying the motion to disqualify.

V

[¶16] Orvell contends the district court erred in its distribution of the marital property.

[¶17] We outlined our standard of review of a district court’s valuation and distribution of marital property in 
Eberle v. Eberle
, 2010 ND 107, ¶ 16, 783 N.W.2d 254 (citations omitted):

A district court’s valuation and distribution of marital property are findings of fact, subject to the clearly erroneous standard of review.  “A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing the entirety of the evidence, this Court is left with a definite and firm conviction a mistake has been made.”  
Lynnes v. Lynnes
, 2008 ND 71, ¶ 12, 747 N.W.2d 93.  A district court’s findings of fact are presumed correct, and we view the evidence in the light most favorable to its findings.  Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of the witnesses when there is evidence to support a district court’s findings, and we will not reverse a district court’s decision merely because we might have reached a different result.  A choice between two permissible views of the weight of the evidence is not clearly erroneous.

[¶18] Orvell’s primary arguments regarding the property distribution center upon the purported deeding of the real property from Orvell and Betty to Orvell and Wendell, and the mechanic’s lien filed against the real property and the motor home by Wendell a few days before trial.  The parties presented conflicting evidence regarding these transactions.  The district court found that the deed was not a legitimate transaction, but “rather was intended solely for the purpose of disenfranchising Betty of her property/homestead interests.”  The court further determined that the lien filed by Wendell was not a legitimate claim against the marital property, and the court therefore did not include it as a marital debt in the property distribution.  There is evidence in the record to support the district court’s determination that these were invalid transactions intended to deprive Betty of her legitimate interests in the property, and Orvell on appeal has failed to draw attention to evidence in the record demonstrating that these findings are clearly erroneous.  

[¶19] We conclude the findings of fact on the valuation and distribution of the marital property are not clearly erroneous.

VI

[¶20] Finally, Orvell argues the district court “acted unreasonably” and “made a reversible error” in denying his motion to stay the execution.  Orvell cites to N.D.R.Civ.P. 62(b) authorizing the district court to enter a stay of proceedings to enforce a judgment.  However, Rule 62 must be read with N.D.R.App.P. 8 as the cross-reference to Rule 62 indicates.  Rule 8, N.D.R.App.P., to which Orvell makes no reference or citation, authorizes the Supreme Court to order a stay pending appeal but provides that the party requesting the stay “must ordinarily move first in the district court.”  N.D.R.App.P. 8(a)(1).

[¶21] Orvell sought a stay in the district court but, after it was denied, he did not seek a stay in this Court under N.D.R.App.P. 8.  The correlation between N.D.R.Civ.P. 62 and N.D.R.App.P. 8 does not suggest that the district court’s denial of a stay can be appealed to this Court.  Rather, when considering the rules together, the clear implication is that a party desiring a stay should first apply to the district court for a stay and, if it is denied, the party may apply to this Court for a stay.  
Cf.
 
Bergstrom v. Bergstrom
, 271 N.W.2d 546 (N.D. 1978) (discussing merits of petition to supreme court for stay after district court denied application for stay).  We conclude that an application for a stay to this Court rather than an appeal from the denial of a stay by the district court is the proper procedure by which to review the merits of the requested stay.  

[¶22] Our conclusion is also required by the lack of a remedy if we were to determine a stay should have been granted.  Orvell argues the denial of a stay is a reversible error but he has failed to identify any relief this Court could provide if we concluded at the disposition of the appeal that the district court erred by failing to grant a stay of execution of judgment at the initiation of the appeal.  Nor can we conceive of any available relief.  Rather, where no stay is in place, a judgment debtor who prevails on appeal is entitled to restitution of amounts collected under the judgment.  
See
 
Gustafson v. Gustafson
, 2008 ND 233, ¶¶ 8-9, 758 N.W.2d 895 (stating judgment debtor could recover spousal support paid under judgment when case was reversed on appeal).  

[¶23] Similarly, here the trial court in denying the motion for stay specified that, during the pendency of the appeal, Betty could not sell any of the assets for less than fair market value and should “be prepared to fully account for the proceeds of any sale.”  Therefore, even if we were to hold that a stay of execution should have been entered by the district court, we could grant the appellant no relief other than a conclusion that the stay was erroneously denied.  We do not give opinions which are merely advisory in nature.  
See
 
Kjolsrud v. MKB Mgmt. Corp.
, 2003 ND 144, ¶ 12, 669 N.W.2d 82. 

[¶24] The procedure we have outlined allows a party who is denied a stay in the district court to apply to this Court for a stay at a time when a stay can be effective rather than attempt to raise on appeal the denial of a stay when, sometime later, this Court can provide no effective relief. 

VII

[¶25] We have considered the remaining issues and arguments raised by the parties 

and find them to be either unnecessary to our decision or without merit.  The judgment is affirmed.

[¶26] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

FOOTNOTES
0: ぁ    
A judgment incorporating the memorandum opinion was entered by the district court.  Although the memorandum opinion is not itself appealable, because there is a final judgment entered that is consistent with the memorandum opinion, we consider the appeal to be from the final judgment.  
Isaacson v. Isaacson
, 2010 ND 18, ¶ 1, 777 N.W.2d 886
.