# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 134

Jennifer Michelle Williams,                                     Plaintiff and Appellant

v.

Aron Lyle Williams,                                             Defendant and Appellee

and

State of North Dakota,                              Statutory Real Party in Interest

## No. 20210014

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Frank L. Racek, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Jessica L. Moen, Fargo, ND, for plaintiff and appellant.

Leslie J. Aldrich, Fargo, ND, for defendant and appellee.

**McEvers, Justice.**

[¶1] Jennifer Williams appeals from a second amended divorce judgment. She argues the district court failed to make findings supporting its modification of parenting time. She also argues the court erred when it terminated a parenting coordinator, and the court violated her right to due process when it removed a specific provision of the judgment without a request from either party. We affirm.

I

[¶2] After being married for roughly a year, the parties separated and later divorced. They share two minor children. The initial divorce judgment was entered in February 2018 and an amended judgment was entered in January 2020. In June and July of 2020, the parties filed cross-motions for contempt and to amend the judgment. The district court held an evidentiary hearing on November 2, 2020. At the hearing, the court made rulings from the bench. It denied the motions for contempt and ordered the judgment amended in various respects. As relevant to this appeal, the court ordered parenting time provisions to be modified, it terminated a parenting coordinator, and it removed a provision giving the parties the first option to exercise overnight parenting time when the other cannot. The court instructed Jennifer William's attorney to prepare a proposed order for judgment. On November 18, 2020, the court held a status conference to clarify its rulings. The court entered a second amended judgment on November 24, 2020.

II

[¶3] Jennifer Williams argues the district court erred when it modified parenting time. She claims the court did not make the requisite findings that there is a material change in circumstances or that the modifications are in the children's best interests. She requests we remand the case for the court to make additional findings.

Under N.D.C.C. § 14-05-22(2), the district court has continuing jurisdiction to modify parenting time. The standard for modifying parenting time has been established through our caselaw. To modify parenting time, the movant must establish a material change of circumstances has occurred since the prior parenting time order and that it is in the best interests of the child to modify the order.

. . . .

For the purpose of modifying parenting time, a material change in circumstances is defined as "important new facts that were unknown at the time of the initial custody decree or initial parenting time order."

*Green v. Swiers*, 2018 ND 258, ¶¶ 12-13, 920 N.W.2d 471 (citations omitted) (quoting *Wolt v. Wolt*, 2011 ND 170, ¶ 19, 803 N.W.2d 534). Decisions concerning parenting time and modification of parenting time are findings of fact subject to the clearly erroneous standard of review. *Curtiss v. Curtiss*, 2016 ND 197, ¶ 10, 886 N.W.2d 565. The district court must state its findings "with sufficient specificity to enable this Court to understand the basis for its decision." *Id.* (quoting *Keita v. Keita*, 2012 ND 234, ¶ 5, 823 N.W.2d 726). *See also* N.D.R.Civ.P. 52(a)(1) ("the court must find the facts specially and state its conclusions of law separately").

[¶4]   The district court heard testimony indicating the parties were having difficulty exchanging the children. The court specifically heard testimony from one child's occupational therapist. The therapist testified the child had difficulty coping with transitions and exhibited separation anxiety. The court also received a letter of medical necessity signed by the therapist and the child's pediatrician. The letter recommended the child receive counseling from a professional with training in separation anxiety to help the child cope with life changes and daily transitions.

[¶5]   The district court explained its rationale for amending the judgment at the hearing. The court explained the current arrangement was not working, and its intent was to reduce exchanges of the children "to a minimum." The court also explained its modifications were "to get a system that's a little more

2

structured, that's a little less involved that works better." Although the court did not explicitly identify a material change in circumstances or find the modifications are in the children's best interests, we understand the rationale for the court's decision based on our review of the record. It is apparent from the court's comments at the hearing that it considered the problems with the exchanges between the parties to be a material change in circumstances supporting a modification of parenting time. It is also clear the court concluded that reducing the number of exchanges between the parties would be in the best interests of the children given the difficulty of the transitions.

[¶6] We caution district courts to clearly articulate their findings when modifying parenting time. *See Curtiss*, 2016 ND 197, ¶¶ 13-14 (remanding when the district court "made no findings as to whether a material change in circumstances occurred"). However, despite the court's findings being sparse in this case, we clearly understand its rationale. "We will not remand for clarification of findings of fact when, through inference or deduction, we may discern the district court's rationale." *Schmitz v. Schmitz*, 1998 ND 203, ¶ 6, 586 N.W.2d 490; *see also Reinecke v. Griffeth*, 533 N.W.2d 695, 698 (N.D. 1995) (collecting cases where this Court has relied on implied findings of fact). We are not convinced the court abused its discretion when it modified the parenting time provisions under the circumstances present in this case.

III

[¶7] Jennifer Williams argues the district court "misapplied the law by terminating the parenting coordinator without good cause to do so." She reads N.D.C.C. § 14-09.2-08, which provides for modification and termination of a parenting coordinator, to require "good cause" any time the court terminates a parenting coordinator. Aron Williams asserts the "good cause" standard only applies when the court terminates a parenting coordinator on its own motion.

[¶8] The interpretation of a statute is a question of law fully reviewable on appeal. *Bride v. Trinity Hosp.*, 2019 ND 131, ¶ 7, 927 N.W.2d 416. Our primary goal when interpreting a statute is to determine the Legislature's intent based on the language of the statute. *Overboe v. Farm Credit Servs. of Fargo*, 2001 ND 58, ¶ 9, 623 N.W.2d 372. "[W]e give words in a statute their

3

plain, ordinary and commonly understood meaning." *Bride*, at ¶ 7. "Words and phrases must be construed according to the context and the rules of grammar and the approved usage of the language." *Robot Aided Mfg., Inc. v. Moore*, 1999 ND 14, ¶ 12, 589 N.W.2d 187 (quoting N.D.C.C. § 1-02-03).

[¶9]  Section 14-09.2-08, N.D.C.C., provides in full:

> The court may terminate or modify the parenting coordinator appointment upon agreement of the parties, upon motion of either party, at the request of the parenting coordinator, or by the court on its own motion for good cause shown.  Good cause includes:
> 1.   Lack of reasonable progress over a significant period of time despite the best efforts of the parties and the parenting coordinator;
> 2.   A determination that the parties no longer need the assistance of a parenting coordinator;
> 3.   Impairment on the part of a party that significantly interferes with the party's participation in the process; or
> 4.   The parenting coordinator is unwilling or unable to serve.

[¶10] The statute sets out various instances, separated by commas, when a parenting coordinator may be terminated.  The words "good cause" only appear in the clause concerning termination of a parenting coordinator by the court on its own motion.  That clause is separated from the others by the word "or." "Terms or phrases separated by 'or' have separate and independent significance." *State ex rel. Stenehjem v. FreeEats.com, Inc.*, 2006 ND 84, ¶ 14, 712 N.W.2d 828 (internal citations omitted); *see also Grand Forks Prof'l Baseball, Inc. v. N.D. Workers Comp. Bureau*, 2002 ND 204, ¶ 11, 654 N.W.2d 426 (the word "or" is a coordinating conjunction used for "introducing an alternative").  The other clauses do not contain a good-cause requirement; they set out different circumstances when a parenting coordinator may be terminated for reasons not necessarily constituting "good cause" as it is defined by the statute.  We therefore read N.D.C.C. § 14-09.2-08 only to require a specific good-cause finding when the court terminates a parenting coordinator on its own motion.

4

[¶11] Aron Williams requested termination of the parenting coordinator in his motion for an amended judgment. We review a district court's decision to terminate a parenting coordinator for an abuse of discretion. *See Prchal v. Prchal*, 2011 ND 62, ¶¶ 27-29, 795 N.W.2d 693. Aron Williams claimed the retainer for the parenting coordinator was nearly exhausted and no progress had been made. The court heard testimony indicating there was still significant conflict between the parties despite the appointment of the parenting coordinator. Under these circumstances, we conclude the court did not abuse its discretion when it ordered the parenting coordinator's appointment terminated.

IV

[¶12] Jennifer Williams claims the district court violated her right to due process when it removed a right of first refusal provision from the judgment. She argues "neither party had adequate notice or a fair opportunity to be heard on that issue at the evidentiary hearing." The right of first refusal provision stated:

> If either party is unable to care for the children overnight, the other party shall be given the option to have this parenting time before any third-party is used.

[¶13] The government may not deprive any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; N.D. Const. art. I, § 12. Due process requires parties receive "adequate notice" and "a fair opportunity to be heard." *Schmalle v. Schmalle*, 1998 ND 201, ¶ 9, 586 N.W.2d 677. "[T]he requirements imposed by due process are flexible and variable and dependent upon the particular situation being examined." *Isaacson v. Isaacson*, 2010 ND 18, ¶ 10, 777 N.W.2d 886. "Due process requires that parties be afforded a meaningful opportunity to present objections." *State v. Ehli*, 2003 ND 133, ¶ 10, 667 N.W.2d 635.

[¶14] The district court informed the parties it intended to delete the provision at the evidentiary hearing. The court explained: "Obviously, first right of refusal isn't working and nor is make-up time, because it just doesn't occur."

Neither party objected or voiced a concern. Nor were any objections made at the follow-up status conference. At both hearings, the court gave the parties the opportunity to make objections and neither did. Because Jennifer Williams received notice and an opportunity to object, we conclude the court did not violate her right to due process.

V

[¶15] We affirm the second amended judgment.

[¶16] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte