20240060
FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
04-18-2024
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 70

In the Interest of H.J.J.N., a Child

| | |
|---|---|
| Grand Forks County Human Service Zone, | Petitioner and Appellee |
| v. | |
| H.J.J.N., child; and | |
| J.N., father; | Respondents |
| and | |
| S.R., mother, | Respondent and Appellant |

## No. 20240060

Appeal from the Juvenile Court of Grand Forks County, Northeast Central Judicial District, the Honorable M. Jason McCarthy, Judge.

REMANDED; JURISDICTION RETAINED.

Opinion of the Court by McEvers, Justice.

Victoria J.M. Christian, under the Rule on Limited Practice of Law by Law Students, and Haley L. Wamstad, State's Attorney, Grand Forks, ND, for petitioner and appellee; submitted on brief.

Samuel A. Gereszek, Grand Forks, ND, for respondent and appellant; submitted on brief.

**Interest of H.J.J.N.**
No. 20240060

**McEvers, Justice.**

[¶1] S.R. appeals from a judgment terminating her parental rights to H.J.J.N. She argues the juvenile court erred by failing to consider her timely filed closing brief and granting the petition to terminate her parental rights. We conclude the court erred by entering judgment prior to the closing of the briefing period and failing to consider S.R.'s timely filed closing brief. We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand for the court to consider S.R.'s brief.

I

[¶2] In July 2023, Grand Forks County Human Service Zone ("Zone") petitioned to terminate the parental rights of S.R. to her child, H.J.J.N. On January 5, 2024, the juvenile court held a trial. After the close of evidence, the parties agreed to submitting written closing arguments and proposed findings. The court set January 22, 2024, as the submission deadline. On January 17, the Zone submitted its proposed findings and order. That same day, the court issued its findings and order terminating S.R.'s parental rights and entered judgment. On January 22, S.R. submitted her closing brief and proposed order.

II

[¶3] S.R. argues the juvenile court erred by failing to consider her timely filed closing brief.

[¶4] Generally, parties have the right to make a final argument:

> [L]itigants in civil nonjury cases (and, of course, in all criminal and jury cases as well) have a right to have their attorneys make a final argument. This right may be limited as to time and may be limited as to content so as to preclude improper argument, but it cannot be totally denied. In civil nonjury cases, the right may be waived.

*Fuhrman v. Fuhrman*, 254 N.W.2d 97, 101 (N.D. 1977). Recognizing their importance, we have said that "[c]losing arguments can correct premature

1

misjudgments by the court and bring opposing viewpoints to the court's attention, leading courts to fewer erroneous decisions." *Isaacson v. Isaacson*, 2010 ND 18, ¶ 13, 777 N.W.2d 886.

[¶5]   It is undisputed that S.R.'s closing brief was timely filed and that the juvenile court issued its findings and order terminating parental rights and entered judgment prior to the close of the briefing period. Therefore, S.R. was effectively denied the right to a closing argument. We conclude the court erred by entering judgment terminating S.R.'s parental rights before the briefing period closed, failing to consider S.R.'s timely filed brief.

[¶6]   "At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." N.D.R.Civ.P. 61. Generally, we would determine whether this error was harmless under Rule 61. Under N.D.C.C. § 27-20.3-20(1), however, the juvenile court "may" terminate parental rights if certain requirements are satisfied. "[W]hen the statutory elements to terminate parental rights are met, the court has discretion, but is not required, to terminate parental rights." *Int. of J.C.*, 2024 ND 9, ¶ 22, 2 N.W.3d 228. "We review a court's exercise of its discretion to grant or deny a parental-termination petition under the abuse of discretion standard." *Id.* A court "abuses its discretion if it acts in an arbitrary, unconscionable, or unreasonable manner, if its decision is not the product of a rational mental process leading to a reasonable determination, or if it misinterprets or misapplies the law." *Id.*

[¶7]   In *Interest of J.C.*, we concluded that although competent evidence existed allowing for termination of parental rights, because the juvenile court had discretion to terminate parental rights, remand was necessary for the court to exercise its discretion. 2024 ND 9, ¶ 27. Similarly here, even if the court did not err in finding the elements to terminate were met—which we express no opinion on—the court has discretion, which can be exercised only after considering the evidence and arguments, which includes S.R.'s closing argument. We cannot determine what impact, if any, S.R.'s closing brief will have on the court's ruling. Therefore, we remand to the juvenile court with instructions to consider S.R.'s closing brief.

## III

[¶8]   We retain jurisdiction under N.D.R.App.P. 35(a)(3)(B) and remand to the juvenile court with instructions that, within 30 days from the filing of this opinion, the court consider S.R.'s closing brief and then enter amended judgment.

[¶9]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr