**WEISS, WRIGHT, PAULSON & MERRICK, Plaintiff and Appellee,**

v.

**Mitchell STEDMAN, Defendant and Appellant.**

**Civ. No. 930193.**

Supreme Court of North Dakota.

Nov. 10, 1993.

Cynthia Schaar–Mecklenberg of Paulson & Merrick, Jamestown, for plaintiff and appellee. Submitted on brief.

Mitchell Stedman, pro se.

LEVINE, Justice.

Mitchell Stedman, acting pro se, appeals from a summary judgment awarding the Weiss, Wright, Paulson & Merrick law firm $2,020.70 plus interest. We affirm.

The law firm sued Stedman to collect $458.70 in unpaid fees for legal services rendered in connection with a paternity action. No useful purpose would be served by describing the frivolous motions and outlandish documents Stedman filed following the law firm's complaint. However, Stedman did answer the complaint, generally denying the allegations, and in February 1993, he moved for summary judgment dismissal of the law firm's claim. The law firm also moved for summary judgment.

The trial court denied Stedman's summary judgment motion because of the absence of supporting affidavits. The court also determined that the motion was frivolous, brought solely for the purpose of delay, and warranted an award of attorney fees to the law firm. See N.D.C.C. §§ 28-26-01 and 28-26-31; N.D.R.Civ.P. 56(g).

After an April 1993 hearing on the law firm's motion for summary judgment and numerous other documents or "motions" Stedman had filed, the trial court ordered summary judgment in favor of the law firm for $458.70 in legal fees owed by Stedman, for $1,452 in attorney fees for its work in responding to the frivolous filings, and for $110 in costs and disbursements. Stedman appealed.

The dispositive issue on appeal is whether the trial court properly granted summary judgment against Stedman in the law firm's collection action for unpaid legal fees.

Summary judgment is appropriate when, after viewing the evidence in the light most favorable to the party opposing the motion, there are no genuine issues of material fact or conflicting inferences which can reasonably be drawn from undisputed .facts, or when the only issues to be resolved are questions of law. *Richmond v. Nodland*, 501 N.W.2d 759, 760–761 (N.D.), *cert. denied*, — U.S. —, 114 S.Ct. 195, — L.Ed.2d — (1993). Under N.D.R.Civ.P. 56, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Union State Bank v. Woell*, 434 N.W.2d 712, 720 (N.D.1989); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325, 106 S.Ct. 2548, 2553, 2554, 91 L.Ed.2d 265 (1986).

The law firm presented an affidavit from an employee in its accounts receivable department, stating that Robert Martin, a member of the firm, had provided Stedman 7.65 hours of legal services for which, despite eight billings, Stedman had not paid. The law firm presented documentation of its rates, the legal services performed for Stedman, and the amount due. The firm also presented a certified copy of a stipulation filed in Stedman's paternity action. It contains the signatures of Stedman and of the firm's attorney and recites:

"The Defendant [Stedman] acknowledges that he has been fully advised of his right to consult with legal counsel of his choice before signing this agreement, and has retained Robert W. Martin of Weiss, Wright and Paulson of Jamestown, North Dakota."

The law firm met its initial burden of showing there was no genuine issue of material fact that Stedman had not paid for legal services rendered to him.

Once the movant has met this initial burden, the party opposing the motion may not rest on mere allegations or denials in the pleadings, but must present competent admissible evidence by affidavit or other comparable means to show the existence of a genuine issue of material fact. *Sime v. Tvenge Assoc. Architects*, 488 N.W.2d 606, 608 (N.D.1992). Stedman did not file any affidavits contesting the factual basis of the law firm's claim.

Stedman nevertheless asserts that he presented sworn testimony at the summary judgment hearing that creates a genuine issue of material fact on the law firm's claim against him. However, Stedman has not filed a court reporter's transcript of the hearing as part of the record on appeal. *See* N.D.R.App.P. 10(b) and (e); N.D.C.C. § 27–06–05. An appellant assumes the consequences and the risk for failing to file a proper transcript. *See Sabot v. Fargo Women's Health Organization, Inc.*, 500 N.W.2d 889, 892 (N.D.1993). This principle applies to those who act pro se. *See State Bank of Kenmare v. Lindberg*, 471 N.W.2d 470, 476 (N.D.1991). Absent a transcript, we are unable to review whether Stedman's testimony created a genuine issue of material fact. On the record before us, we conclude that the trial court properly granted summary judgment in favor of the law firm.

Stedman's other arguments are meritless. We grant the law firm's request that Stedman compensate the firm for its costs in preparing a separate appendix and assess costs of $100 against Stedman for his failure to comply with N.D.R.App.P. 30. *See Lake Region Credit Union v. Crystal Pure Water, Inc.*, 502 N.W.2d 524, 528 (N.D.1993).

The summary judgment is affirmed.

VANDE WALLE, C.J., and MESCHKE, SANDSTROM and NEUMANN, JJ., concur.