2014 ND 225

**Rodney J. SCHMITT and Pamela Schmitt, Plaintiffs and Appellees**

v.

**Cody Rodney SCHMITT and Lisa Renae Stahlberg, Defendants.**

**Cody Rodney Schmitt, Appellant.**

**No. 20140164.**

Supreme Court of North Dakota.

Dec. 18, 2014.

Michelle M. Kessler, Cando, ND, for plaintiffs and appellees.

Cody R. Schmitt, self-represented, Dawson, ND, defendant and appellant.

McEVERS, Justice.

[¶ 1] Cody Schmitt, a self-represented litigant, appeals from a district court's Eviction Order, arguing service of the amended notice of eviction was insufficient. Having no transcript to review of the district court's evidentiary hearing, we conclude the district court's finding that service of the notice of termination was proper is not clearly erroneous. We affirm.

## I

[¶ 2] Cody Schmitt and Lisa Stahlberg resided in a mobile home located on property owned by Rodney and Pamela Schmitt. Stahlberg resided on the property since April 25, 2013, and Schmitt resided on the property prior to that. There was no written lease between the parties. On March 19, 2014, Rodney and Pamela Schmitt sent Cody Schmitt and Stahlberg an amended notice of eviction, directing Cody Schmitt vacate by April 15, 2014, and Stahlberg vacate within three days. Cody Schmitt and Stahlberg did not vacate the property by April 15, 2014.

[¶ 3] On April 17, 2014, the Pierce County Sheriff's Office served Cody Schmitt and Stahlberg with the notice of intention to evict them from the property. According to the notice of intention to evict, Cody Schmitt and Stahlberg had three days to vacate the property. After three days elapsed, Cody Schmitt and Stahlberg remained on the property. Accordingly, Rodney and Pamela Schmitt started this eviction action requesting the district court order Cody Schmitt and Stahlberg to vacate the property. A hear-

ing was held on the eviction action. On May 2, 2014, the district court issued an Eviction Order[1] requiring Cody Schmitt and Stahlberg vacate the property by May 13, 2014. Cody Schmitt appealed the district court's decision.

## II

[¶ 4] On appeal, Cody Schmitt's primary argument is that the "amended notice of eviction" should be deemed insufficient due to lack of service. It is difficult to discern Cody Schmitt's reasoning, but it appears he alleges a summons and complaint should have been included with the amended notice of eviction. In support of his argument, Cody Schmitt relies on various legal authorities that are inapplicable here including cases relating to fraud, good faith in business transactions, and constitutional rights under the U.S. Const. Amend. XIII and N.D. Const. art. I, 21.

[¶ 5] Actions for eviction are governed under N.D.C.C. ch. 47–32. See Gasic v. Bosworth, 2014 ND 85, ¶ 6, 845 N.W.2d 306. As we explained:

Section 47–32–02, N.D.C.C., provides for an expedited procedure, with the defendant allowed between three and fifteen days to appear and defend in the action. If the court finds for the plaintiff, the court must enter judgment granting immediate restitution of the premises to the plaintiff, but the court may delay execution in case of hardship for a reasonable period not exceeding five days. N.D.C.C. § 47–32–04. The statute strictly limits the parties' ability to combine the eviction with other claims and precludes the defendant from interpos-

---

1. Although the district court issued a document labeled "Eviction Order," it is clear from its findings of fact, conclusions of law, and order for judgment that the court intended the order to have the effect of a final judgment. The district court concluded

"[t]he plaintiff shall have a judgment of eviction against the defendants." As we have held, it is not the label of a document that controls but, rather, its effect. State v. Hogie, 424 N.W.2d 630, 631 (N.D.1988).

ing a counterclaim, except as a setoff to the plaintiff's claim for damages, rent, or profits. N.D.C.C. § 47–32–04. The proceeding is limited to a speedy determination of the right to possession of the property, without bringing in extraneous matters. The purpose of the statute is to provide an inexpensive, expeditious, and simple means to determine possession.

*Id.* at ¶ 7 (citation omitted) (emphasis omitted).

■ [¶ 6] The district court found proper notice was served on Cody Schmitt and concluded Rodney and Pamela Schmitt were entitled to judgment of eviction against him. "[O]n appeal[,] the party challenging the findings of fact of a trial court has the burden of demonstrating that those findings are clearly erroneous." *Rosendahl v. Rosendahl,* 470 N.W.2d 230, 231 (N.D.1991); *see* N.D.R.Civ.P. 52(a). "[A] finding of fact is clearly erroneous only if it is induced by an erroneous view of the law or, although there is some evidence to support it, on the entire record we are left with a definite and firm conviction a mistake has been made." *Marsden v. Koop,* 2010 ND 196, ¶ 8, 789 N.W.2d 531.

■ [¶ 7] Under N.D.R.App.P. 10(b), the appellant must file with this Court the transcript of any evidentiary hearing held in the matter. "An appellant assumes the consequences and the risk for failing to file a proper transcript." *Weiss, Wright, Paulson & Merrick v. Stedman,* 507 N.W.2d 901, 903 (N.D.1993). This principle applies equally to self-represented litigants. *Wagner v. Miskin,* 2003 ND 69, ¶ 9, 660 N.W.2d 593. "The failure to provide a transcript may prevent a party from being successful on appeal." *Id.* at ¶ 9 (quotation marks omitted).

■ [¶ 8] Here, Cody Schmitt did not file a transcript of the district court's evi-

dentiary hearing. Accordingly, we only look to the record in reviewing the district court's findings.

[¶ 9] In regard to Cody Schmitt's argument that service of the amended notice of eviction was improper, the district court found:

It appears from the evidence that originally the plaintiff gave consent to the defendants to reside in the mobile home on his real property. Because there is no written lease agreement, termination of this lease would require at least one calendar month's written notice that may be given at any time. See NDCC 47–16–15(2). On March 19, 2014, the plaintiff through their attorney, Clifford C. Grosz, of Harvey, North Dakota, forwarded to Cody R. Schmitt and Lisa Stahlberg at their address at 4791 22nd Avenue NE in Rugby, North Dakota, "an amended notice of eviction." That notice of eviction directed that Lisa vacate the premises within three days and Cody to vacate by April 15, 2014. Under NDCC 47–16–15, a notice of termination of lease must be in written form. Otherwise, there are no magical words that are required, and so long as clear and reasonable intent to terminate the lease is provided, a landlord or owner of property has complied with the statute. I am satisfied that the language of Plaintiff's Exhibit 2, entitled "Amended Notice of Eviction," is sufficient to convey that notice and intent to terminate the lease to both of the parties. Although there is language contained in the exhibit that raises questions about the ownership or interest that the defendants may have regarding the mobile home, that does not by itself render the notice to require the tenants to vacate the plaintiffs' real property void or inadequate.

By their testimony, both defendants acknowledged that they either received

plaintiff's [sic] exhibit in the mail or otherwise refused to receive it. Refusal is equivalent to being served or being given notice of the intent to terminate the lease. Consequently, any act of refusal by the defendants is insufficient to otherwise challenge the plaintiffs' termination of their lease with the defendants and providing notice of it.

The language of the amended notice of eviction, Plaintiff's Exhibit 2, does not set out the correct dates when the lease would terminate. Given the language of NDCC 47–16–15(2), the defendants would have had until April 19th plus three days for mailing before the lease terminated. In other words, the lease formally terminated at the end of April 22, 2014. Because the defendants remained in occupancy of the premises to and beyond that date, no harm can be found in that erroneous time line.

[¶ 10] In reviewing the district court's findings and the record, it appears the district court treated the amended notice of eviction as a notice of termination. We have found no authority to support Cody Schmitt's contention that a summons and complaint must be included with a notice of termination. "A district court's findings of fact are presumed to be correct, and we review the evidence in the light most favorable to the findings." *Paulson v. Paulson*, 2011 ND 159, ¶ 6, 801 N.W.2d 746. The district court found that Cody Schmitt acknowledged either receiving the amended notice of eviction or refusing to receive it. The record reflects the Pierce County Sheriff personally served both Stahlberg and Cody Schmitt with notice of intention to evict, as well as a summons and complaint in the eviction action, which gave Stahlberg and Schmitt between three and fifteen days to appear and defend the action. Without a transcript or other evidence to refute the findings, we cannot conclude the district court's findings, regarding the service of the amended notice of eviction, are clearly erroneous.

### III

[¶ 11] Cody Schmitt argues this Court should conclude the blockade of the driveway into his residence and the termination of water at his residence were inappropriate. Cody Schmitt also alleges Rodney Schmitt threatened Stahlberg and added a lock to the water shed to prevent access to the water pump. However, an eviction action is not joinable with other actions. N.D.C.C. § 47–32–04. An eviction action is "a summary proceeding to recover possession of real estate." *Anderson v. Heinze*, 2002 ND 60, ¶ 11, 643 N.W.2d 24 ("The purpose of the no-counterclaim provision in the eviction statutes was to get a speedy determination of possession without bringing in any extraneous matters.") (quotation marks omitted). In fact, Cody Schmitt included a citation to this provision in his brief on appeal, stating "Chapter 47–32–04 of NDCC, Eviction actions not Joinable with other actions An Action of eviction cannot be brought with any other action." Because this is an appeal of an eviction action, we decline to address Cody Schmitt's other arguments.

### IV

[¶ 12] On the record before us, we conclude the district court's finding, that service of the amended notice of eviction was proper, is not clearly erroneous. We affirm the Eviction Order against Cody Schmitt.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.