VandeWalle, Chief Justice.
 

 [¶ 1] Stephanie Lee appealed from a judgment evicting her, and any other person or persons claiming under her, from her Williston premises and awarding IRET Properties ("IRET") $880.00 for attorney's fees and costs. Lee argues IRET failed to perform all the prerequisites under N.D.C.C. ch. 47-32 in order to bring an eviction action against Lee, and therefore, they were unlawfully evicted. Lee further argues the district court failed to make sufficient findings on the issue of default and the district court improperly awarded IRET attorney's fees and costs. We conclude IRET properly brought an eviction action against Lee for failure to pay rent and the district court's findings
 are sufficient to sustain its conclusions. We affirm the judgment.
 

 I
 

 [¶ 2] IRET owns the premises at 4915 11th Ave. West, Apartment 511, Williston, North Dakota, and leased the property to Lee in July 2017. Lee's monthly rent included $1,050.00 plus $5.00 per month for a trash fee and $24.50 for utilities.
 

 [¶ 3] Between July and September 2017, IRET cited Lee for several lease infractions including excessive noise during quiet hours, keeping unauthorized pets in the apartment, and riding bikes in the apartment building. On September 18, 2017, IRET gave Lee a notice of intention to evict due to multiple lease infractions. Lee refused to vacate the premises. On October 6, 2017, IRET cited Lee for two lease infractions, failing to leash their dogs and leaving garbage in a public area.
 

 [¶ 4] Lee failed to pay October's rent on time. On October 9, 2017, IRET served Lee with a "3 day notice to pay rent or vacate" for failure to pay October's rent, in addition to $125.00 in late fees. On that same day, IRET served Lee with a summons and complaint for violation of the lease by failing to pay rent, and failure to get proper registration or paperwork for their alleged service animal[s]. On October 12, 2017, Lee paid $1,337.63 for October's rent, late charges, and utilities.
 

 [¶ 5] A hearing was held on October 18, 2017. On October 23, 2017, the district court entered an eviction judgment against Lee.
 

 II
 

 [¶ 6] Actions for eviction are governed under N.D.C.C. ch. 47-32.
 
 Schmitt v. Schmitt
 
 ,
 
 2014 ND 225
 
 , ¶ 5,
 
 857 N.W.2d 362
 
 . This Court has explained:
 

 Section 47-32-02, N.D.C.C., provides for an expedited procedure, with the defendant allowed between three and fifteen days to appear and defend in the action. If the court finds for the plaintiff, the court must enter judgment granting immediate restitution of the premises to the plaintiff, but the court may delay execution in case of hardship for a reasonable period not exceeding five days. N.D.C.C. § 47-32-04. The statute strictly limits the parties' ability to combine the eviction with other claims and precludes the defendant from interposing a counterclaim, except as a setoff to the plaintiff's claim for damages, rent, or profits. N.D.C.C. § 47-32-04. The proceeding is limited to a speedy determination of the right to possession of the property, without bringing in extraneous matters. The purpose of the statute is to provide an inexpensive, expeditious, and simple means to determine possession.
 

 Id.
 

 (citation omitted).
 

 III
 

 [¶ 7] Our review of this case is hindered by the lack of a transcript of the district court proceedings. Under N.D.R.App.P. 10(b), the appellant is responsible for filing with this Court, the transcript of any evidentiary hearing held in the case.
 
 Schmitt
 
 ,
 
 2014 ND 225
 
 , ¶ 7,
 
 857 N.W.2d 362
 
 . The rule applies equally to self-represented and represented litigants.
 

 Id.
 

 The appellant assumes the consequences and risk of failing to file, and failure to provide a transcript may prevent a party from succeeding on appeal.
 

 Id.
 

 [¶ 8] Lee did not file a transcript of the district court's evidentiary hearing. Accordingly, this Court can only look to the record in reviewing the district court's findings.
 
 See
 

 id.
 
 at ¶ 8 (recognizing failure to file a transcript leaves this Court to only
 look to the record in reviewing the district court's findings).
 

 IV
 

 [¶ 9] Lee does not dispute they failed to pay October's rent on time. However, Lee argues IRET failed to follow the prerequisites for initiating an eviction proceeding provided in N.D.C.C. § 47-32-02.
 

 [¶ 10] Section 47-32-01(4), N.D.C.C., provides "[a]n action of eviction to recover the possession of real estate is maintainable in the proper district court when ... [a] lessee, in person or by subtenant, ... fails to pay rent for three days after the rent is due." Section 47-32-02, N.D.C.C., provides any action arising under subsection 4 requires that "three days' written notice of intention to evict must be given to the lessee ... before proceedings can be instituted."
 

 [¶ 11] The district court concluded the eviction action was properly brought under N.D.C.C. ch. 47-32 and IRET complied with the prerequisites for relief. However, the district court did not further explain its conclusions. When a district court's findings do not disclose the basis for the court's conclusions of law and decisions, this Court cannot properly perform its appellate court function.
 
 Sorenson v. Slater
 
 ,
 
 2010 ND 146
 
 , ¶ 10,
 
 786 N.W.2d 739
 
 . However, the record contains exhibits from the hearing that support the district court's conclusions. On September 18, 2017, IRET served Lee with a three days' notice of intention to evict for multiple lease infractions. Lee refused to vacate, and for the next three weeks, IRET continued to document violations of the lease agreement. On October 9, 2017, after failing to receive rent payment, IRET served Lee with a "3 day notice to pay rent or vacate" for failure to pay October's rent, as well as a summons and complaint for violating the terms of the lease by failing to pay rent. The time specified in the summons for the appearance of Lee, October 18, 2017, was not less than three nor more than fifteen days from the date on which the summons was issued, and thus, complied with N.D.C.C. § 47-32-02.
 

 [¶ 12] Based on the record below, the district court correctly concluded IRET properly brought an action under N.D.C.C. ch. 47-32 and complied with the notice requirements under § 47-32-02.
 
 See
 

 Schmitt
 
 ,
 
 2014 ND 225
 
 , ¶ 8,
 
 857 N.W.2d 362
 
 (recognizing failure to file a transcript leaves this Court to only look to the record in reviewing the district court's findings).
 

 V
 

 [¶ 13] Lee argues the district court did not make sufficient factual findings as to how Lee breached the lease agreement.
 

 [¶ 14] "In an action tried without a jury, a district court's findings of fact are governed by the clearly erroneous standard of review under N.D.R.Civ.P. 52(a)."
 
 Nelson v. Johnson
 
 ,
 
 2010 ND 23
 
 , ¶ 31,
 
 778 N.W.2d 773
 
 . "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction the district court made a mistake."
 

 Id.
 

 "A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous, and simply because we may have viewed the evidence differently does not entitle us to reverse the district court."
 

 Id.
 

 On appeal, this Court does not re-weigh conflicting evidence, and gives due regard to the district court's opportunity to judge the credibility of the witnesses.
 

 Id.
 

 [¶ 15] A district court's findings must be sufficient for this Court to be able to adequately understand its decision. " Rule 52(a), N.D.R.Civ.P., applies to eviction
 actions."
 
 Abelmann v. Smartlease USA, L.L.C.
 
 ,
 
 2014 ND 227
 
 , ¶ 18,
 
 856 N.W.2d 747
 
 . Rule 52(a)(1), N.D.R.Civ.P., requires that in an action tried on the facts without a jury, "the court must find the facts specially." The purpose of Rule 52(a)"is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for its conclusions of law and judgment."
 
 Abelmann
 
 ,
 
 2014 ND 227
 
 , ¶ 18,
 
 856 N.W.2d 747
 
 (
 
 citing
 

 Slater
 
 ,
 
 2010 ND 146
 
 , ¶ 10,
 
 786 N.W.2d 739
 
 ). General findings are insufficient and a district court errs as a matter of law when it does not make findings adequate to understand the basis of its decision.
 
 Abelmann
 
 ,
 
 2014 ND 227
 
 , ¶ 18,
 
 856 N.W.2d 747
 
 . "This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied."
 

 Id.
 

 (citation omitted).
 

 [¶ 16] Here, the district court's findings of fact and conclusions of law included:
 

 That according to the terms of the lease agreement, rent in the amount of $1,050.00 plus an additional $5.00 for monthly trash fee was due by the 1st of every month. Also, pursuant to said lease agreement, if payment was not made by the 5th of each month, a $50.00 late fee would be assessed. The Defendants are required to pay $24.50 each month for utilities. Under the terms of the lease agreement, Plaintiff is entitled to reasonable attorney's fees in this eviction action.
 

 ....
 

 The Defendants are in default under the lease with Plaintiff and Plaintiff is entitled to judgment against the Defendants in the principal sum of $80.00 for filing costs; $150.00 for Service fees which includes the 3-day notice and the Summons and Complaint; $750.00 for attorney's fees; the Defendants paid a security deposit in the amount of $100.00 and that this amounts [sic] will be applied to the principal amount due and owing to Plaintiff. The total money judgment against the defendants is $880.00.
 

 [¶ 17] Lee contends the breach of the lease was remedied by the payment of monies due. Lee's argument fails under the terms of the lease. After IRET served Lee with a "3 day notice to pay rent or vacate," Lee paid the amount due, in full, within the 3 days provided in the notice. However, this did not remedy the breach. The lease specifically provides IRET's "exercise [of] any right or remedy upon a breach thereof, shall not constitute a waiver of any such breach or of any other breach or default by Tenant in its performance of its obligations under this Lease." The lease further provides IRET's "acceptance of full or partial Rent from Tenant (or from any third party) during the continuance of any breach or default by Tenant under this Lease ... shall not constitute Landlord's waiver of any such breach or default, and ... shall not constitute Landlord's waiver of Landlord's right to recover possession of the Apartment for non-payment by Tenant."
 

 [¶ 18] We conclude the district court's findings on default for failure to pay rent were not clearly erroneous. No other factual findings regarding default for other breaches of the lease agreement were included in the findings or judgment. Lee asserted other claims and defenses, but they are not within the scope of the proceeding.
 
 See
 

 Schmitt
 
 ,
 
 2014 ND 225
 
 , ¶ 5,
 
 857 N.W.2d 362
 
 . We do not, therefore, address the other issues of default that
 were raised in the original summons and complaint.
 

 VI
 

 [¶ 19] We have considered the remaining arguments and conclude they are either unnecessary to our decision or without merit. The judgment is affirmed.
 

 [¶ 20] Gerald W. VandeWalle, C.J.
 

 Jon J. Jensen
 

 Lisa Fair McEvers
 

 Daniel J. Crothers
 

 Jerod E. Tufte