# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 14

Beverly J. Cody,                                                          Plaintiff and Appellee

v.

Lee A. Cody,                                                             Defendant and Appellant

No. 20180120

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Gail Hagerty, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Thomas M. Jackson, Bismarck, ND, for plaintiff and appellee; submitted on brief.

Lee A. Cody, self-represented, defendant and appellant; submitted on brief.

**Cody v. Cody**

**No. 20180120**


**VandeWalle, Chief Justice.**

[¶1]    Lee Cody appealed from a divorce judgment that distributed the parties' property and debts.  We conclude the record supports the district court's denial of his request to appear telephonically at trial and the court did not err when it clarified its opinion before the final judgment.  We further conclude his issue claiming ineffective assistance of trial counsel is without merit because this type of claim does not extend to divorce actions.  We affirm.


I

[¶2]    Lee Cody and Beverly Cody were married in 1991.  In May 2016, Beverly Cody commenced this divorce action.  In June 2016, Lee Cody's attorney filed a notice of appearance and an answer to her complaint seeking a divorce.  In August 2016, the district court scheduled a trial for June 13, 2017.  On June 7, 2017, after initially denying the parties' stipulated request for a continuance, the court granted a continuance of the trial.  The parties sought the continuance on grounds of Lee Cody's incarceration and Beverly Cody's significant health concerns.  The trial was subsequently rescheduled for December 20, 2017.

[¶3]    On December 7, 2017, less than two weeks before trial, Lee Cody served and filed an expedited motion requesting the district court to permit him to appear telephonically at trial.  His only asserted basis for the motion was that he was incarcerated in Arkansas and a telephonic appearance was necessary for him to provide testimony and participate in the divorce trial. On December 8, 2017, the court entered an order denying his motion.  On December 12, 2017, the parties served and filed their respective witness and exhibit lists.  On December 20, 2017, the court held a trial.  Beverly Cody appeared in person at the trial with her attorney.  Lee Cody did not appear at trial due to his incarceration, but was represented at the trial by his

1

attorney. At trial, the court received various exhibits and testimony from three witnesses.

[¶4] On January 11, 2018, the district court issued an opinion, which divided the parties' property and debts and made other determinations including reserving jurisdiction on Beverly Cody's request for a spousal support award. On January 19, 2018, Beverly Cody served and filed a request for clarification of the memorandum opinion, asking the court to clarify its order regarding the distribution of Lee Cody's pension. On February 1, 2018, the court granted the request. On February 7, 2018, the court entered an order for judgment, incorporating its January 11 opinion and clarifying that the court directed a division of the pension benefit consistent with the *Bullock* formula, which resulted in a division of the pension benefits earned during the marriage equally between the parties. Judgment was entered on February 8, 2018.

## II

[¶5] Lee Cody argues the district court erred in denying his request to appear at the trial telephonically.

[¶6] Rule 43(a), N.D.R.Civ.P., concerns the form and admissibility of evidence in civil proceedings and states:

> At trial, the witnesses' testimony must be taken in open court unless a statute, the Rules of Evidence, these rules, or other court rules provide otherwise. For good cause, or on agreement of the parties, and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location. A party must give notice if a witness is unable to testify orally or if testimony by contemporaneous transmission may be necessary.

[¶7] The district court has broad discretion in deciding evidentiary matters. *Regan v. Lervold*, 2014 ND 56, ¶ 8, 844 N.W.2d 576. We will overturn the district court's admission or exclusion of evidence only when the district court has abused its discretion. *Id.* A district court abuses its discretion when it acts arbitrarily, unconscionably, or unreasonably, or when its decision is not based on a rational mental process. *Id.*

2

[¶8]   Lee Cody broadly contends that Beverly Cody was allowed to present an unchallenged version of the facts and that he was prevented from presenting his arguments at trial.  He has failed, however, to provide a transcript of the trial on appeal so our review is limited.  *See IRET Props. v. Lee*, 2018 ND 116, ¶ 7, 910 N.W.2d 868 ("The appellant assumes the consequences and risk of failing to file, and failure to provide a transcript may prevent a party from succeeding on appeal.").  Beverly Cody responds, however, that the record and pleadings do not establish good cause that telephonic testimony was necessary.  She asserts the record only shows he was incarcerated at the time of trial and the court did not abuse its discretion in denying his request to appear telephonically.

[¶9]   In its December 8, 2017 order denying Lee Cody's expedited motion before trial, the district court denied his request for telephonic appearance at trial for three stated reasons:  it would be impossible to judge his credibility, the telephone systems in the courtroom often fail, and it is difficult to make a good record of telephonic testimony.  In reviewing the district court's reasons, we are concerned that this rationale would never allow for telephonic trial testimony.  Nevertheless, in this case we conclude the record supports the court's ultimate decision to deny Lee Cody's motion to appear at trial telephonically to participate and testify.

[¶10]  Lee Cody's expedited motion was less than two weeks before the long-scheduled December 20, 2017 trial.  The record shows that Lee Cody received notice of the trial and was also represented at trial by his attorney.  Moreover, despite his assertions to the contrary, his arguments on appeal simply do not establish what particular arguments or evidentiary submissions he was prevented from making at trial, nor does he specifically show what prejudice he has sustained.  Under these narrow facts and circumstances, we therefore conclude the district court's decision to deny Lee Cody's telephonic appearance was not reversible error.

[¶11]  While a district court may not have a duty to ensure a party's presence at trial, telephonically or otherwise, we caution the court must still undertake the requisite good-cause analysis under N.D.R.Civ.P. 43 in deciding whether to grant a request to

3

allow telephonic testimony. Specifically, a district court may not simply adopt reasons or policies that amount to an abdication of its judicial responsibility to exercise discretion under the rule, which itself could constitute an abuse of discretion under certain circumstances. *Cf. State v. Murphy*, 2014 ND 202, ¶ 21, 855 N.W.2d 647 ("[C]ourts have . . . held that a trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore an abdication of judicial responsibility"). That, however, is not the case here.

III

[¶12] Lee Cody argues the district court erred when it granted Beverly Cody's request for clarification of its opinion.

[¶13] "Interlocutory orders generally are not appealable and may be revised or reconsidered any time before the final order or judgment is entered." *Martinson v. Martinson*, 2010 ND 110, ¶ 19, 783 N.W.2d 633 (quoting *Eberle v. Eberle*, 2009 ND 107, ¶ 13, 766 N.W.2d 477). On January 19, 2018, Beverly Cody requested clarification of the district court's January 11 memorandum opinion. The court granted her request on February 1, 2018, and entered its order for judgment on February 7, 2018. The court entered its final judgment on February 8, 2018.

[¶14] Lee Cody argues that the district court's changes to its opinion imposed harsher and completely different terms than those initially provided by the court's dissolution order. Beverly Cody argues that Lee Cody did not respond to her clarification request and did not object to the proposed findings and judgment. She contends he waived this argument on appeal.

[¶15] We conclude the district court was permitted to clarify its opinion before entry of the final divorce judgment because the court's memorandum opinion was interlocutory. To the extent Lee Cody also challenges the merits of the court's clarification, we have explained the purpose of an appeal:

> The purpose of an appeal is to review the actions of the trial court, not to grant the appellant an opportunity to develop and expound

4

upon new strategies or theories. The requirement that a party first present an issue to the trial court, as a precondition to raising it on appeal, gives that court a meaningful opportunity to make a correct decision, contributes valuable input to the process, and develops the record for effective review of the decision. It is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Accordingly, issues or contentions not raised . . . in the district court cannot be raised for the first time on appeal.

*Hoff v. Gututala-Hoff*, 2018 ND 115, ¶ 10, 910 N.W.2d 896 (quoting *Spratt v. MDU Res. Grp., Inc.*, 2011 ND 94, ¶ 14, 797 N.W.2d 328).

[¶16] Although Lee Cody challenges the district court's granting Beverly Cody's request to clarify its January 11, 2018 opinion, he did not respond or otherwise object to her request. Moreover, Lee Cody has not provided this Court with a transcript of the district court proceedings, limiting our review of the merits. On the basis of our review of the record, we conclude the district court did not err in granting the request to clarify its memorandum opinion before entry of the final judgment.

IV

[¶17] Lee Cody argues his trial counsel was ineffective in representing him in the divorce proceedings.

[¶18] We have previously addressed this issue in *Riddle v. Riddle*, 2018 ND 62, ¶¶ 14-16, 907 N.W.2d 769. In *Riddle*, at ¶ 16, we specifically refused to extend ineffective assistance of counsel claims to divorce actions, where "there is no statutory or constitutional right to counsel." We explained:

> Generally, there is no right to counsel in civil matters. However, the legislature has authorized the appointment of counsel in some limited civil matters. For example, under N.D.C.C. § 27-20-26, an indigent parent is entitled to court-appointed counsel. In *State v. T.L.*, 2008 ND 131, ¶¶ 28-29, 751 N.W.2d 677, this Court acknowledged the need to recognize claims of ineffective assistance of counsel in termination of parental rights proceedings because it would be absurd and meaningless to have a statutory right to appointed counsel but not to require that the counsel appointed be competent and effective. However, we will not extend this type of remedy to actions where there

5

is no statutory or constitutional right to counsel. In other civil matters, where counsel is alleged to be deficient or negligent in their representation, there are other avenues for relief that may be appropriate.

*Riddle*, at ¶ 16. We conclude his argument is without merit.

V

[¶19] We have considered Lee Cody's remaining arguments and consider them to be without merit or unnecessary to our decision. The judgment is affirmed.

[¶20] Gerald W. VandeWalle, C.J.
Jon J. Jensen
Lisa Fair McEvers
Daniel J. Crothers
Jerod E. Tufte

6