# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2020 ND 5

Marcella D. Aldinger,
Plaintiff

v.

James H. Aldinger,
Defendant and Appellant

and

State of North Dakota,
Statutory Real Party in Interest
and Appellee

No. 20190226

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Daniel J. Borgen, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

James Aldinger, self-represented, Lake Elmo, MN, defendant and appellant; (on brief).

Sheila Keller, Bismarck, ND, statutory real party in interest and appellee; (on brief).

**Crothers, Justice.**

[¶1] James Aldinger appeals from a second amended judgment modifying his child support obligation for the child he has with Marcella Aldinger. We affirm.

I

[¶2] In October 2010 the amended judgment was entered, ordering James Aldinger to pay $427 in child support for the child. On April 17, 2019, the State moved to modify James Aldinger's child support obligation, requesting an increase to $748 per month. On April 26, 2019, James Aldinger answered, and filed a second answer on May 1, 2019.

[¶3] On May 1, 2019, James Aldinger moved to dismiss the motion, arguing his employment changed and the State disregarded the change. He also filed various exhibits, including a copy of his current paystub. On May 13, 2019, James Aldinger moved to dismiss the State as a statutory party. The State responded to James Aldinger's motion to dismiss and his motion to dismiss the State as a party.

[¶4] On May 20, 2019, the State filed a supplemental brief in support of its motion, providing child support calculations based on a gross annual income of $51,626, which was requested by the district court and based on information James Aldinger provided. The State also filed a proposed order and judgment.

[¶5] On May 22, 2019, the district court modified James Aldinger's child support obligation. The court found his gross annual income was $51,626 based

on his current paystub, and the correct child support for that income is $701 per month. A second amended judgment was entered.

II

[¶6]  James Aldinger argues the district court abused its discretion by failing to dismiss the State's motion to modify when it determined that different income calculations were appropriate. He also argues the court did not have jurisdiction to modify the child support obligation because he no longer lives in North Dakota and the court erred as a matter of law by applying the North Dakota child support guidelines.

[¶7]  The district court had jurisdiction to modify the child support obligation. *See* N.D.C.C. § 14-12.2-08(1) (stating a court retains continuing, exclusive jurisdiction to modify its child support order if the order is the controlling order and the child is a resident of this state at the time of the request for modification). We summarily affirm under N.D.R.App.P. 35.1(a)(2), (4) and (7); *see also Rath v. Rath*, 2017 ND 138, ¶ 28, 895 N.W.2d 315 (stating any argument about how the child support guidelines should be amended would be better made to the Legislature or the Department of Human Services).

III

[¶8]  James Aldinger argues the district court erred by requesting new child support calculations and a proposed order from the State. He also claims the court erred by adopting the State's proposed order and signing it within 36 hours, without allowing him an opportunity for rebuttal.

2

[¶9] Rule 7.1(b)(1), N.D.R.Ct., states, "Preparation of proposed findings of fact and conclusions of law under N.D.R.Civ.P. 52(a) may be assigned by the court to one or more parties." The district court did not err by directing the State to prepare a proposed findings of fact and conclusions of law.

[¶10] However, the rule states any proposed findings must be served on all parties for review and comment, and the other party may serve a written response within 14 days of service. N.D.R.Ct. 7.1(b)(1). The State served its proposed order on May 20, 2019, and the district court entered its order adopting the proposed order on May 22, 2019. James Aldinger was not given 14 days to respond to the State's proposed order.

[¶11] The harmless error standard in civil cases is set out in N.D.R.Civ.P. 61, which provides:

> "Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."

The State filed its proposed order based on the evidence James Aldinger presented. James Aldinger does not explain how the failure to give him an opportunity to respond to the proposed order prejudiced him or affected his substantial rights.

[¶12] No evidence in this record suggests the error affected James Aldinger's substantial rights. We conclude the error was harmless.

3

## IV

[¶13] The second amended judgment is affirmed.

[¶14] Daniel J. Crothers
Gerald W. VandeWalle
Lisa Fair McEvers
Jerod E. Tufte
Jon J. Jensen, C.J.