# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 169

Galvanizers, Inc., a North Dakota
corporation, and K and K Construction
and Repair, Inc., a North Dakota
Corporation,                                              Plaintiffs and Appellants

v.

Paul Kautzman,                                            Defendant and Appellee

and

the United States of America by and
through the Department of Treasury
and its Internal Revenue Service,                         Defendant

## No. 20210042

Appeal from the District Court of Cass County, East Central Judicial District,
the Honorable Steven L. Marquart, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Justice.

Ann E. Miller, Fargo, ND, for plaintiffs and appellants.

Jonathan T. Garaas, Fargo, ND, for defendant and appellee.

# Galvanizers v. Kautzman
## No. 20210042

**VandeWalle, Justice.**

[¶1]   Galvanizers, Inc., and K and K Construction and Repair, Inc. (collectively "plaintiffs"), appealed from a judgment dismissing their action against Paul Kautzman seeking to quiet title to real property. The plaintiffs argue the district court erred in dismissing their quiet title action and failed to make sufficient findings to understand the evidentiary and theoretical basis for its decision. We affirm, concluding the court's findings were sufficient to support its decision dismissing the plaintiffs' complaint.

I

[¶2]   In 1974, Paul Kautzman and his brother, John Kautzman, acquired certain real property in Cass County by warranty deed. Each party individually owned an undivided one-half interest in the property.

[¶3]   Paul Kautzman and John Kautzman also started various businesses together. They formed Galvanizers in 1980, K and K in 1993, and Kautzman Brothers Partnership ("Kautzman Brothers"). In 1981, Paul Kautzman and John Kautzman conveyed some of their property to Galvanizers. In 1997, Kautzman Brothers acquired property adjacent to the property Paul Kautzman and John Kautzman owned.

[¶4]   In 1997, individual parcels, including the property owned by Paul Kautzman, John Kautzman, Kautzman Brothers, and Galvanizers, were platted to form Lot 1 in Block 1 of Kautzman's First Addition to the City of West Fargo.

[¶5]   In 2013, Paul Kautzman executed a redemption agreement with Kautzman Brothers for the partnership to redeem his interest in the partnership. Paul Kautzman also executed stock redemption agreements with Galvanizers and K and K to sell all of his shares of stock in each corporation to the corporation.

[¶6]   In 2019, the plaintiffs brought an action against Paul Kautzman to quiet title. They alleged Paul Kautzman, John Kautzman, Galvanizers, and Kautzman Brothers owned parcels of land that were platted in 1997; they all intended that only Galvanizers and the partnership were the property owners after the 1997 plat; and the 1997 plat did not truly express the parties' intent due to a mutual mistake. They also alleged Paul Kautzman believed the only interest he had in the property was through his ownership interest in Galvanizers and Kautzman Brothers, the parties intended that he was relinquishing all ownership interest in the property by executing the 2013 redemption agreements, and the redemption agreements do not express the parties' true intentions due to a mutual mistake. They requested that the district court reform the 1997 plat or, alternatively, reform the redemption agreements to express the parties' true intentions, and that the court quiet title.

[¶7]   Paul Kautzman moved for summary judgment, arguing he remained the owner of the property he acquired individually, he is on the title and has been since 1974, there have not been any conveyances from him, there were no genuine issues of material fact, and he was entitled to judgment as a matter of law. The plaintiffs opposed the motion. The district court denied the motion.

[¶8]   After a bench trial, the district court dismissed the plaintiffs' complaint. The court found Paul Kautzman individually acquired ownership of the disputed property, he never intended the property would be partnership property, and the plaintiffs never asked him to execute a deed to the property when they acquired his assets. The court concluded the plaintiffs failed to prove there was actual fraud, a mutual mistake of the parties, or a mistake of one party which the other knew or suspected, to justify revising a contract for fraud or mistake under N.D.C.C. § 32-04-17, and the written agreement did what it intended to do. Judgment was entered dismissing the plaintiffs' complaint with prejudice.

II

[¶9]   The plaintiffs argue the district court failed to make sufficient findings to understand the basis for its decision and to determine whether the court

2

properly applied the law. They contend the court's findings are inadequate and are not supported by the evidence. They claim the evidence established Paul Kautzman always intended his property would be partnership property and he sold his interest in the property when he redeemed his ownership interest in the corporations and the partnership.

[¶10] In an appeal from a bench trial, the district court's findings of fact are reviewed under the clearly erroneous standard of review and its conclusions of law are fully reviewable. *Kruger v. Goossen*, 2021 ND 88, ¶ 5, 959 N.W.2d 847. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or if, after reviewing all of the evidence, this Court is left with a definite and firm conviction a mistake has been made. *Id*. The district court's findings are presumptively correct. *Id*. at ¶ 6. We do not reweigh the evidence or reassess the witnesses' credibility, nor do we reexamine findings of fact made on conflicting testimony. *Id*. A court's choice between two permissible views of the evidence is not clearly erroneous. *Id*.

[¶11] "In an action tried on the facts without a jury . . . the court must find the facts specially and state its conclusions of law separately." N.D.R.Civ.P. 52(a)(1). The purpose of the rule "is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for its conclusions of law and judgment." *IRET Props. v. Lee*, 2018 ND 116, ¶ 15, 910 N.W.2d 868 (quoting *Abelmann v. Smartlease USA, L.L.C.*, 2014 ND 227, ¶ 18, 856 N.W.2d 747). Detailed findings are particularly important when there is conflicting or disputed evidence because we defer to the district court's choice between two permissible views of the evidence. *Lindstaedt v. George*, 2020 ND 262, ¶ 5, 952 N.W.2d 102. "This Court cannot review a district court's decision when the court does not provide any indication of the evidentiary and theoretical basis for its decision because we are left to speculate what evidence was considered and whether the law was properly applied." *IRET Props.*, at ¶ 15 (quoting *Abelmann,* at ¶ 18).

[¶12] At trial, the plaintiffs argued Paul Kautzman intended the property would belong to the partnership at all times after he purchased the property in 1974 and his interest in the property was purchased by the partnership in

2013 as part of the redemption agreement. They claimed the property was a partnership asset, the property was included in the business valuations as an asset of Galvanizers and Kautzman Brothers, the business valuations were used to determine the redemption price of Paul Kautzman's interest in the companies, and he was paid for his interest in the property in 2013 through the redemption agreements. They claimed there was evidence showing the partnership at all times paid the property taxes on the property, Paul Kautzman did not include any rental income from the property in his tax returns, and the property was not included as a personal asset on his financial statements or in his divorce. They asserted there was no mistake in the redemption agreements; rather, the mistake was that a deed was not executed at the time the agreements were signed. The plaintiffs requested the district court quiet title in the plaintiffs or, in the alternative, order Paul Kautzman to execute a warranty deed conveying any interest he has in the property to K and K.

[¶13] The district court found Paul Kautzman never intended the property would be partnership property, the plaintiffs never asked him for a deed to the property when they executed the redemption agreements, and the written agreement did what it intended to do. The district court implicitly found Paul Kautzman individually owned the property in 2013 when the stock and partnership redemption agreements were executed, the property was not included in the redemption agreements, and Paul Kautzman never transferred ownership of the property to the plaintiffs. Although the court's findings are sparse and the court could have provided a more detailed explanation for its decision, we are able to understand the rationale for its decision.

[¶14] Property titled in the name of an individual partner may be partnership property, but "[t]he relevant inquiry is whether the partners intended that the property in question be partnership property or individual property." *Nelson v. Mattson*, 2018 ND 99, ¶ 9, 910 N.W.2d 171. Whether property held in the name of an individual belongs to the partnership is a question of fact. *Eckert v. Eckert*, 425 N.W.2d 914, 915 (N.D. 1988).

4

[¶15] The plaintiffs argue there was overwhelming evidence the property was always intended to be partnership property. They claim there was evidence Paul Kautzman never paid taxes on the property, K and K paid rent to Kautzman Brothers for use of the property, Paul Kautzman failed to list the property on his financial statements, and he failed to disclose the property as an asset during his divorce.

[¶16] This Court has said, "[P]ayment of the property taxes and expenses with partnership funds generally indicates the partners' intention to treat the property as partnership property, [but] it is not dispositive on the issue." *Nelson*, 2018 ND 99, ¶ 11. Evidence established the K and K building is on the property Paul Kautzman and John Kautzman owned individually, and K and K paid rent for the property. Paul Kautzman testified the rental tenant was to pay the property taxes and Galvanizers and K and K always took care of the taxes for the property.

[¶17] "Legal title is at least prima facie evidence of actual ownership so that where land is previously owned by a partner individually, the fact that he retains title after formation of the partnership is evidence that the land is not donated as a partnership asset." *Nelson*, 2018 ND 99, ¶ 16 (quoting *Bachand v. Walker*, 455 N.W.2d 851, 855 (S.D. 1990)). This Court has also said, "[G]enerally, in order to constitute land partnership property its acquisition must have been with partnership funds or on partnership credit and for the uses of the partnership; these two factors must concur and the mere use of real estate for partnership purposes does not impress upon it the character of partnership property." *Nelson*, at ¶ 16 (quoting *McGowin v. Robinson*, 39 So.2d 237, 239 (Ala. 1949)).

[¶18] Evidence established Paul Kautzman, individually, acquired ownership of property in 1974, and he remains the record owner of the disputed property. Paul Kautzman testified he has personally owned the property since 1974, he has always held it personally, and he continues to own the property. The 1997 plat recognized Paul Kautzman's ownership of the property and was signed by John Kautzman as president of Galvanizers and as a partner in Kautzman Brothers. The plat is evidence that the parties recognized Paul Kautzman

individually owned property and the partnership owned separate property and that they did not intend the property Paul Kautzman owned individually was partnership property. The property was used in connection with the various businesses Paul Kautzman and John Kautzman owned, but there was no evidence it was purchased with partnership funds or credit.

[¶19] The district court found, "Paul Kautzman and his wife divorced in 2013 and in deposition testimony, Paul never made mention of his ownership property. The Court concludes that he simply forgot to do so." Paul Kautzman testified that he did not have a good recollection of what he said during the deposition, but he did not testify that he forgot to include the property. The court's finding is troubling; however, even the failure to include individual ownership of the property as an asset in the divorce is not conclusive evidence of ownership. *Cf. In re Randall's Estate*, 40 N.W.2d 446, 449 (N.D. 1949) (explaining an inventory and appraisal of decedent's estate is prima facie evidence of ownership of property, but the failure to list property is not conclusive and does not affect the true title).

[¶20] Although there was evidence that may raise some question as to whether Paul Kautzman intended the property would be partnership property, this Court does not reweigh the evidence and we give due regard to the district court's opportunity to judge the witnesses' credibility. *See Nelson*, 2018 ND 99, ¶ 13. Evidence in the record supports the district court's finding that Paul Kautzman did not intend the property to be partnership property.

[¶21] An agreement for the sale of real property or an interest therein is invalid unless it is in writing. N.D.C.C. § 9-06-04(3). The stock and partnership redemption agreements only refer to the sale of the stock and Paul Kautzman's interest in the partnership. The disputed real property was not partnership property and it was not specifically included as part of the sale in the redemption agreements. There is no evidence there was a written agreement for Paul Kautzman to sell his individual interest in the property to the plaintiffs at the time the 2013 redemption agreements were executed.

[¶22] We conclude the district court's findings were sufficient to understand the basis for its decision. Evidence in the record supports the court's findings and they are not clearly erroneous. The district court did not err by failing to quiet title in favor of the plaintiffs.

III

[¶23] The plaintiffs argue the district court erred in applying N.D.C.C. § 32-04-17. They argue they were not seeking to reform or revise a contract, they were only seeking to quiet title based on Paul Kautzman selling his interest in the property when he redeemed his ownership interest in Kautzman Brothers, K and K, and Galvanizers.

[¶24] The plaintiffs' complaint requested the district court reform the 1997 plat or, alternatively, reform the redemption agreements to truly express the parties' intentions. At trial, the plaintiffs informed the court that they were not asking the court to reform a contract, they were not claiming the redemption agreements are invalid or incomplete, and they were only trying to determine what the partnership owned in 2013 when Paul Kautzman was bought out. The court concluded the plaintiffs failed to prove the redemption agreements should be revised under N.D.C.C. § 32-04-17 for fraud or mistake.

[¶25] Any error in deciding the plaintiffs failed to prove a reformation claim that may have been included in the complaint and was later abandoned is harmless. *See* N.D.R.Civ.P. 61 (stating the court must disregard errors that do not affect a party's substantial rights); *see also Aldinger v. Aldinger*, 2020 ND 5, ¶¶ 11-12, 937 N.W.2d 282 (holding error was harmless when party did not explain how the alleged error prejudiced him or affected his substantial rights).

IV

[¶26] Paul Kautzman argues the appeal is frivolous and he is entitled to attorney's fees and costs. Attorney's fees may be awarded if an appeal is frivolous. N.D.R.App.P. 38. "[A]n appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which could be seen as evidence of bad faith." *Frontier Fiscal Servs.,*

*LLC v. Pinky's Aggregates, Inc.*, 2019 ND 147, ¶ 21, 928 N.W.2d 449 (quoting *Witzke v. City of Bismarck*, 2006 ND 160, ¶ 19, 718 N.W.2d 586). The plaintiffs' appeal is not frivolous, and we deny Paul Kautzman's request for attorney's fees.

V

[¶27] We affirm the judgment.

[¶28] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte