# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 117

Jana Lee Laducer,                                            Plaintiff and Appellant

v.

Mark Laducer,                                                Defendant and Appellee

and

State of North Dakota,                              Statutory Real Party in Interest

## No. 20230002

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bobbi B. Weiler, Judge.

AFFIRMED.

Per Curiam.

Jana L. Birkland, f/k/a Jana Lee Laducer, Marshalltown, IA, self-represented, plaintiff and appellant; submitted on brief.

Breanna K. Delorme, Grand Forks, ND, for defendant and appellee; submitted on brief.

# Laducer v. Laducer, et al.
## No. 20230002

**Per Curiam.**

[¶1]   Jana Birkland, formerly Jana Laducer, appeals from a district court order denying her motion for review and amendment of child support entered after an evidentiary hearing. Birkland argues the district court erred in finding she did not show a material change in circumstances to justify a modification in her child support obligation to Mark Laducer. She also argues the district court failed to remain impartial.

[¶2]   Birkland failed to file a transcript of the hearing for our review. Under N.D.R.App.P. 10(b), the appellant must file with this Court the transcript of any evidentiary hearing held in the matter. "An appellant assumes the consequences and the risk for failing to file a proper transcript. This principle applies equally to self-represented litigants. The failure to provide a transcript may prevent a party from being successful on appeal." *Schmitt v. Schmitt*, 2014 ND 225, ¶ 7, 857 N.W.2d 362 (cleaned up). Based on the record before us, Birkland has not shown the district court's findings that there was no material change of circumstances to justify a modification in the child support obligation are clearly erroneous. Nor has she shown anywhere in the record that the court failed to remain impartial.

[¶3]   Birkland's brief on appeal also failed to point to relevant legal authority explaining how the district court erred and does not contain the minimum requirements provided in N.D.R.App.P. 28. We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (8).

[¶4]   Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

1