# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 134

Jessica M. Otten,                                          Plaintiff and Appellee

v.

Nicholas A. Otten,                                    Defendant and Appellant

and

State of North Dakota                           Statutory Real Party in Interest

## No. 20230019

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable John C. Irby, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Victoria C. Hicks, Fargo, ND, for plaintiff and appellee.

Nicholas A. Otten, self-represented, Fargo, ND, defendant and appellant.

**Bahr, Justice.**

[¶1]   Nicholas Otten appeals from a district court judgment entered after a bench trial on divorce proceedings. On appeal, he argues the court erred by denying his motion to continue trial. He also argues the court erroneously admitted, reviewed, and relied on Jessica Otten's evidence, and thereby erred in its division of marital property, consideration of the best interest factors, and award of his parenting time. We affirm the judgment.

I

[¶2]   Nicholas Otten argues the district court abused its discretion when it denied his motion to continue trial.

[¶3]   "The district court has broad discretion over the progress and conduct of a trial, and the determination whether to grant a continuance lies within the sound discretion of the district court." *Lund v. Lund*, 2011 ND 53, ¶ 7, 795 N.W.2d 318. "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, when its decision is not the product of a rational mental process leading to a reasoned determination, or when it misinterprets or misapplies the law." *Id.*

[¶4]   A motion for a continuance made after a notice of trial has been issued is governed by N.D.R.Civ.P. 40(d):

> A party seeking a continuance must make a request to continue a trial within 14 days after receiving notice of trial from the court. The trial judge scheduled to hear the case must approve any request for continuance. If unavoidable circumstances are shown, the trial judge may waive the 14-day requirement.

Under the North Dakota Rules of Court, a motion for continuance "shall be promptly filed as soon as the grounds therefor are known and will be granted only for good cause shown, either by a declaration or otherwise." N.D.R.Ct. 6.1(b); *Schrodt v. Schrodt*, 2022 ND 64, ¶ 9, 971 N.W.2d 861.

[¶5]   Notice of trial was entered on April 22, 2022, stating trial will commence on September 20, 2022 and continuances will not be granted unless formally approved by the judge scheduled to hear the case. On August 23, 2022, Nicholas Otten's counsel filed a motion and supporting documents to withdraw as his counsel. The district court granted the withdrawal. In a letter dated September 16, 2022, Nicholas Otten requested a continuance of the trial scheduled for September 20, 2022, stating he was not aware his counsel had withdrawn, has not reviewed recent filings or documents, and is currently incarcerated. He wrote he found out "a little over a week ago" his counsel had withdrawn. Jessica Otten responded in opposition, citing Nicholas Otten's recent behavior and the need for prompt conclusion of the case. Nicholas Otten also filed a letter dated September 13, 2022, mailed September 15, 2022, and filed September 19, 2022, stating the same and requesting, "Due to these extreme circumstances I am asking for a continuance in these divorce proceedings . . . until I can obtain reasonable representation."

[¶6]   On the morning of trial, the district court noted this has been a "long-standing court date" and asked Nicholas Otten to explain his position regarding the motion to continue trial. Nicholas Otten explained, "My request is pretty much that I can look through the documents, submit the required documents to the Court that need to be submitted still, and if I feel like I need to get counsel, I would like to do some research and get some counsel[.]" Counsel for Jessica Otten opposed the motion, arguing Nicholas Otten had ample time to submit those documents and was still in contempt for failing to produce discovery.

[¶7]   The district court's order denying the motion states:

> [Nicholas Otten's] primary reason is that he is currently incarcerated in the Cass County Jail. He contends that he was not made aware of the fact that his attorney withdrew and needs a continuance to allow for him to prepare for trial.
>      . . . Plaintiff points out that since this matter was initiated the defendant has engaged in illegal and dangerous conduct resulting in delays in previous attempts to bring this matter to a conclusion. The Court concurs that the defendant's conduct since

2

this case was initiated adds to the urgency of bringing this matter to a close.

> The defendant's request for a continuance is DENIED.

[¶8]   Under the circumstances in this case, the district court did not abuse its discretion in denying Nicholas Otten's request for a continuance. The court was aware of the history of the case, including Nicholas Otten's conduct during the pendency of the case that caused other delays and heightened the need to promptly address residential responsibility and parenting time to protect the best interests of the parties' minor child. The court's consideration and weighing of those factors against the reasons for Nicholas Otten's request for a continuance, including that upon further review he might decide to get legal counsel, was the product of a rational mental process. *See Cody v. Cody*, 2019 ND 14, ¶ 18, 921 N.W.2d 679 ("Generally, there is no right to counsel in civil matters."); *see also In re A.S.*, 2007 ND 83, ¶ 8, 733 N.W.2d 232 (affirming a juvenile court's decision to deny a continuance because "[d]elaying the hearing an additional ninety days would have kept [the children] in a prolonged state of uncertainty").

II

[¶9] Nicholas Otten argues Jessica Otten's "conflicting/questionable testimony, conflicting/questionable documents," and "character deformation of the defendant" resulted in erroneous findings regarding the division of marital property, consideration of the best interest factors, and award of his parenting time.

[¶10] "Valuations of marital property are findings of fact and will not be reversed unless clearly erroneous." *Buchholz v. Buchholz*, 2022 ND 203, ¶ 13, 982 N.W.2d 275. "Our review of a district court's decision on primary residential responsibility is limited. A district court's decisions on residential responsibility are treated as findings of fact and will not be set aside on appeal unless clearly erroneous." *Lessard v. Johnson*, 2019 ND 301, ¶ 12, 936 N.W.2d 528 (cleaned up). "Decisions concerning parenting time and modification of parenting time are [also] findings of fact subject to the clearly erroneous standard of review." *Williams v. Williams*, 2021 ND 134, ¶ 3, 962 N.W.2d 601.

3

[¶11] All three issues raised by Nicholas Otten are subject to the clearly erroneous standard of review. We have previously explained:

> A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after reviewing all the evidence, we are left with a definite and firm conviction a mistake has been made. We view the evidence in the light most favorable to the findings, and the district court's factual findings are presumptively correct. Valuations of marital property within the range of the evidence presented are not clearly erroneous. A choice between two permissible views of the evidence is not clearly erroneous if the district court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations.

*Senger v. Senger*, 2022 ND 229, ¶ 7, 983 N.W.2d 160 (quoting *Berdahl v. Berdahl*, 2022 ND 136, ¶ 6, 977 N.W.2d 294). Under the clearly erroneous standard of review, we do not reweigh the evidence or reassess the credibility of witnesses, and we will not substitute our judgment for a district court's decision merely because we might have reached a different result. *Lessard*, 2019 ND 301, ¶ 12.

[¶12] Although Nicholas Otten argues on appeal the district court considered objectionable testimony or documents, he did not object to the testimony received or the documents entered at trial. "A party's failure to object waives any evidentiary challenges. Thus, in the absence of an objection below, we will not consider the issue on appeal." *Monson v. Monson*, 1998 ND APP 9, ¶ 12, 583 N.W.2d 825 (cleaned up).

[¶13] Moreover, the district court sua sponte prohibited hearsay testimony, and made foundational and evidentiary conclusions on the record before accepting exhibits into evidence. For example, the court noted a document contains hearsay but the court will weigh it accordingly. *See Senger*, 2022 ND 229, ¶ 16 (explaining "[i]n a bench trial, it is presumed the district court only considered competent evidence because a judge, when deliberating the ultimate decision, is capable of distinguishing between admissible and inadmissible evidence"). In another instance, the court stated this is a record

4

kept in the ordinary course of business prior to admitting a document containing hearsay into evidence. The court has broad discretion in deciding evidentiary matters. *Cody*, 2019 ND 14, ¶ 7. "We will overturn the district court's admission or exclusion of evidence only when the district court has abused its discretion." *Id*. Nicholas Otten has not demonstrated the court abused its discretion in deciding evidentiary matters.

[¶14] The remainder of Nicholas Otten's arguments do nothing more than ask this Court to reweigh the evidence. "Under the clearly erroneous standard, we do not reweigh the evidence nor reassess the credibility of witnesses[.]" *Boldt v. Boldt*, 2021 ND 213, ¶ 8, 966 N.W.2d 897 (cleaned up); *see also Grasser v. Grasser*, 2018 ND 85, ¶ 23, 909 N.W.2d 99 ("In a bench trial, it is for the district court to determine credibility issues and we do not reweigh the evidence or reassess credibility."). Based on our review of the record, we conclude the district court's findings regarding the division of marital property, consideration of the best interest factors, and award of parenting time are not clearly erroneous.

### III

[¶15] Jessica Otten requests attorney's fees because she argues Nicholas Otten's appeal is frivolous. "Under N.D.R.App.P. 38, this Court may award attorney's fees if the appeal is frivolous." *Buchholz*, 2022 ND 203, ¶ 43. "An appeal is frivolous if it is flagrantly groundless, devoid of merit, or demonstrates persistence in the course of litigation which evidences bad faith." *Id*. (cleaned up). Jessica Otten has not shown the appeal is frivolous.

[¶16] Jessica Otten's request for attorney's fees is denied.

### IV

[¶17] We affirm the judgment.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr